4820B JPS NI161

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

CHRISTOPHER JONES, as Executor of )
the Estate of DAVID E. JONES and )
SARA J. JONES, individually, )
                                      )
          Plaintiffs, )
v. )     No:    16 CV 50088
                                        )
JACK GRAY TRANSPORT, INC., JACK )
GRAY TRANSPORTATION SERVICES )
INC., and JAY S. TAYLOR, )
                                      )
          Defendants. )

## DEFENDANTS' NOTICE OF REMOVAL OF CAUSE TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

NOW COME the Defendants JACK GRAY TRANSPORT, INC., JACK GRAY TRANSPORTATION SERVICES, INC. and JAY S. TAYLOR, by their attorney, Jonathan P. Schaefer of PURCELL & WARDROPE, CHTD., and pursuant to 28 U.S.C.A. 1332, 1441 and 1446, hereby provide notice of their removal of this cause pursuant to said statutes and for the following reasons:

      1.      On March 2, 2016, there was commenced and is now pending in the Circuit Court of the Fifteenth Judicial Circuit for the County of Ogle, Illinois, a certain civil action under case #2016 L 5, in which Christopher D. Jones, executor of the Estate of David E. Jones, and Sara J. Jones, are the plaintiffs, and Jack Gray Transport, Jack Gray Transportation Services, Inc., and Jay S. Taylor are defendants.

      2.      The aforementioned lawsuit is brought by the Plaintiff seeking damages for personal injuries allegedly sustained in a motor vehicle accident occurring in Ogle County,

Illinois on June 16, 2014, involving a truck being operated by Jay S. Taylor for Jack Gray Transport, Inc.

3.     The Plaintiffs' Complaint claims that David E. Jones sustained injuries in said accident, resulting in his death that same day. Further, while the Complaint only states that Sara J. Jones sustained unspecified injuries, the defendants understand that Ms. Jones sustained significant injuries in the subject accident, requiring her to be air-lifted from the scene to the hospital. Based on the foregoing, the amount in controversy in this litigation exceeds $75,000.

4.     The Defendants state that the above lawsuit involves a controversy with complete diversity of citizenship between the Defendants on the one hand, and the plaintiffs on the other hand, and the Defendants affirmatively state further:

(a)     At the time of the subject accident and, at the time of the commencement of the state court action, per the Plaintiffs' Complaint, the Plaintiff Sara J. Jones was a citizen and resident of the State of Illinois, and not of the state of Indiana;

(b)     At the time of the subject accident and, upon information and belief, David E. Jones was a citizen and resident of the State of Illinois, and not of the state of Indiana;

(c)     At the time of the commencement of the state court action, per the Plaintiffs' Complaint, the Plaintiff, Christopher Jones, Executor of the Estate of David E. Jones, was a citizen and resident of the State of Illinois, and not of the State of Indiana;

(d)     The Defendant, Jack Gray Transport, Inc., is a corporation organized and formed under the laws of the State of Indiana, with its principal place of business in the state of Indiana, and was not and is not a corporation created or organized under the laws of the State of Illinois, nor does it have its principal place of business in the State of Illinois;

(e)     The Defendant, Jack Gray Transportation Services, Inc., is a corporation organized and formed under the laws of the State of Indiana, with its principal place of business in the state of Indiana, and was not and is not a corporation created or organized under the laws of the State of Illinois, nor does it have its principal place of business in the State of Illinois;

(f)    At the time of the subject accident and at the time of the commencement of the state court action, the defendant Jay S. Taylor was a citizen and resident of the State of Indiana, and not of the State of Illinois.

5.    This matter involves a controversy between individuals who are residents of the State of Illinois on the one hand, and business entities and an individual whom were either incorporated, had their principal place of business, and/or resided in Indiana, on the other hand. Further, the amount in controversy involves more than Seventy Five Thousand Dollars ($75,000), exclusive of interest and costs. Accordingly, the District Court for the United States has original jurisdiction over this lawsuit.

6.    This Notice of Removal is timely filed, as Jack Gray Transport, Inc. and Jack Gray Transportation Services, Inc., were served with Summons and Complaint on March 23, 2016, and Jay S. Taylor was served on March 11, 2016.

7.    Attached hereto and made a part hereof are copies of the following documents to that were filed by the Plaintiffs and the Defendants in the Circuit Court of the Fifteenth Judicial Circuity for the County of Ogle, Illinois under case #2016 L 5:

- The Plaintiff's Complaint at Law;

- The Summons directed to the Defendant, Jack Gray Transport, Inc.;

- The Summons directed to the Defendant, Jack Gray Transportation Services, Inc.;

- The Summons directed to the Defendant, Jay S. Taylor;

- Return of service upon Defendant Jack Gray Transport, Inc.;

- Return of Service upon Defendant Jack Gray Transportation Services, Inc.;

- Return of Service upon Defendant, Jay S. Taylor;

- Notice of Progress Call; and,

- The Defendants' Appearance and Jury Demand, and Notice of Filing same;

- Defendants' Notice of Filing Re: Notice of Removal.

To the Defendants' knowledge, no other documents, nor pleadings were filed in said lawsuit.

8.      Notice of the filing of this Removal has been given to all parties as required by law, and is attached hereto.  A true and correct copy of this Removal has been filed with the Clerk of the Fifteenth Judicial Circuit for the County of Ogle, Illinois, as provided by law.

9.      The Defendants herein on removal also demand this case be tried by a jury.

WHEREFORE, the Defendants JACK GRAY TRANSPORT, INC., JACK GRAY TRANSPORTATION SERVICES, INC. and JAY S. TAYLOR, pray they may affect removal of the within action from the Circuit Court of the Fifteenth Judicial Circuit for Ogle County, Illinois, to the United States District Court for the Northern District of Illinois – Western Division, and that the matter be tried before a jury.

Respectfully submitted,

By:     /s/ Jonathan P. Schaefer

PURCELL & WARDROPE CHTD
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\JPS\4820B - Jones\Pleadings\NotRemoval.docx

**STATE OF ILLINOIS**
**IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT**
**COUNTY OF OGLE**

CHRISTOPHER JONES,
as Executor of the Estate of
DAVID E. JONES

and

SARA J. JONES, individually;                    Case No. 2016-L-_____5_____

        Plaintiffs,

-vs-

JACK GRAY TRANSPORT, INC.,

and

JACK GRAY TRANSPORTATION SERVICES, INC.

and

JAY S. TAYLOR,

        Defendants.

MAR 02 2016

(COPY)

## COMPLAINT

### GENERAL ALLEGATIONS

NOW COMES Plaintiffs, Christopher Jones, as Executor of the Estate of David E. Jones,
Deceased, and Sara J. Jones, individually, by and through their attorneys, BOLGRIEN, KOEPKE,
KIMES & LIVINGSTON, LLC, and for their Complaint against Defendants, Jack Gray Transport,
Inc., directly, and through the acts or omissions of Jay S. Taylor, as agent and/or employee of Jack
Gray Transport, Inc., and Jack Gray Transportation Services, Inc., directly, and through the acts or
omissions of Jay S. Taylor, as agent and/or employee of Jack Gray Transportation Services, Inc.

1

pleading hypothetically and in the alternative, state:

1.     At all times relevant to this case, Plaintiff, Christopher Jones as executor of the Estate of David E. Jones was issued letters of office on August 21, 2014 and brings this cause of action on his behalf and the behalf of the next of kin.

2.     At all times relevant to this case, David E. Jones left surviving his wife, Sara J. Jones, sons Christopher Jones, Matthew Jones and Timothy Jones all of whom are next of kin.

3.     At all times relevant to this case, Plaintiff, Sara J. Jones is an adult who resides in Pecatonica, Winnebago County, Illinois.

4.     On information and belief, at all times relevant to this case, Defendant, Jack Gray Transport, Inc., was an Indiana Corporation.

5.     On information and belief, at all times material to this case, Jack Gray Transport, Inc. owned, maintained and serviced a 2004 Volvo truck tractor, VIN 4V4NC9GH24N372630, Indiana Registration No. 1056482.

6.     On information and belief, at all times relevant to this case, Defendant, Jack Gray Transport, Inc., owned, maintained and serviced a 1999 Benson trailer, VIN 1NUDT28G9XMA50099, Indiana Registration No. SF842AAN.

7.     On information and belief, at all times relevant to this case, Defendant, Jack Gray Transportation Services, Inc., was an Indiana Corporation.

8.     On information and belief, at all times material to this case, Jack Gray Transportation Services, Inc., owned, maintained and serviced a 2004 Volvo truck tractor, VIN 4V4NC9GH24N372630, Indiana Registration No. 1056482.

9.     On information and belief, at all times relevant to this case, Defendant, Jack Gray

2

Transportation Services, Inc., owned, maintained and serviced a 1999 Benson trailer, VIN 1NUDT28G9XMA50099, Indiana Registration No: 8F842AAN.

## COUNT I

### WRONGFUL DEATH - JACK GRAY TRANSPORT, INC.

NOW COMES Plaintiff, Christopher Jones, as Executor of the Estate of David E. Jones, Deceased, by and through his attorneys, BOLGRIEN, KOEPKE, KIMES & LIVINGSTON, LLC, and for his Complaint against Defendant, Jack Gray Transport, Inc., directly, and through the acts or omissions of Jay S. Taylor, as agent and/or employee of Jack Gray Transport, Inc., pleading hypothetically and in the alternative, states:

10.    Plaintiff repeats, realleges, and incorporates herein by reference, paragraphs 1-9 of Plaintiffs' Complaint, as and for paragraphs 10 of Count I of Plaintiffs' Complaint, as if again fully set forth and plead herein.

11.    At all times relevant to this case, Defendant, Jay S. Taylor, operated, drove and controlled a tractor trailer that was owned and maintained by Defendant, Jack Gray Transport, Inc.

12.    On June 16, 2014, Defendant, Jay S. Taylor, was driving the aforesaid tractor trailer owned by Defendant, Jack Gray Transport, Inc., in a generally southerly direction at or about mile post 113, on Interstate 39, in Ogle County, Illinois.

13.    At the aforesaid time and place, Plaintiffs' Decedent, David E. Jones, was a passenger in a 2013 Toyota RAV 4, VIN 2T3DFRBV2DW114463, Illinois Registration No. UC3063, then being driven by Co-Plaintiff, Sara J. Jones, in a generally southerly direction at mile post 113 on Interstate 39, in Ogle County, Illinois, and said vehicle was slowing or stopped in traffic.

3

14.   At that time and place, the tractor trailer operated by Jay S. Taylor collided, with great force and violence, with the back of the vehicle then being driven by Plaintiff, Sam J. Jones.

15.   In its relevant parts, the Motor Carrier Safety Regulations define "Motor Carrier" as a for-hire motor carrier or a private motor carrier, including a motor carrier's agents, officers and representatives, as well as employees responsible for hiring, supervising, training, assigning or dispatchers of drivers and employees concerned with the installation, inspection and maintenance of motor vehicle equipment and/or accessories; this definition includes the term "employer". 49 C.F.R. §390.5.

16.   In its relevant parts, the Motor Carrier Safety Regulations define "Motor Vehicle" as any vehicle, machine, tractor, trailer, or semi-trailer propelled or drawn by mechanical power and used upon the highways in the transportation of passengers or property, or any combination thereof determined by the Federal Motor Carrier Safety Administration. 49 C.F.R. §390.5.

17.   In its relevant parts, the Motor Carrier Safety Regulations define an "Employer" as any person engaged in a business affecting interstate commerce that owns or leases a commercial motor vehicle in connection with that business, or assigns employees to operate it. 49 C.F.R. §390.5.

18.   In its relevant parts, the Motor Carrier Safety Regulations define an "Employee" as any individual, other than an employer, who is employed by an employer and who, in the course of his or her employment directly, affects commercial motor vehicle safety. "Employee" includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle). 49 C.F.R. §390.5.

19.   At all times relevant to this case, the tractor trailer driven by Jay S. Taylor was a semi trailer and, therefore, a "motor vehicle" as defined by the Motor Carrier Safety Regulations.

4

20.    At all times relevant to this case, Jay S. Taylor was a driver of that semi trailer and, therefore, an "employee", as defined by the Motor Carrier Safety Regulations.

21.    At all times relevant to this case, Defendant, Jack Gray Transport, Inc., owned, inspected and maintained the commercial motor vehicle involved in this occurrence, namely, the tractor trailer or semi trailer, as defined by the Motor Carrier Safety Regulations.

22.    As a motor carrier, Defendant, Jack Gray Transport, Inc., had a duty to require observance by its driver, such as Jay S. Taylor, of all duties or prohibitions set forth in the Motor Carrier Safety Regulations. 49 C.F.R. §390.11.

23.    Before allowing its tractor trailer to be operated on June 16, 2014, Jay S. Taylor and Jack Gray Transport, Inc., had the obligation to perform a pre-trip and systematic safety inspection of their tractor trailer in Illinois and all other states, and elsewhere where the tractor trailer was operated on June 16, 2014, to ensure that vehicle was in safe operating order, pursuant to Federal Law. 49 C.F.R. §396.

24.    Defendant, Jack Gray Transport, Inc., is vicariously liable for the negligent acts and omissions of its agent, Jay S. Taylor, for the conduct alleged above and hereinafter, contrary to and in violation of 49 C.F.R. §390.11, adopted by reference in 625 ILCS 5/18B-105.

25.    On June 16, 2014, Defendant, Jack Gray Transport, Inc., by and through its agent and/or employee, Jay S. Taylor, had a duty as a motor carrier to exercise ordinary care to avoid colliding with the vehicle occupied by Plaintiffs' Decedent, David E. Jones, and Plaintiff, Sara J. Jones.

26.    At all times relevant to this case, it was the duty of Defendant, Jack Gray Transport, Inc., and its agent and/or employee, Jay S. Taylor, to exercise reasonable care and caution in the

5

inspection, maintenance and operation of its tractor and trailer for the safety of others, including Plaintiffs' Decedent, David E. Jones.

27.    Notwithstanding its duty, Defendant, Jack Gray Transport, Inc., and its agent and/or employee, Jay S. Taylor, were guilty of one or more of the following negligent acts or omissions:

(a)    Owned, operated, managed, maintained, and controlled defendants' tractor-trailer without keeping a safe and proper lookout; or

(b)    Owned, operated, managed, maintained and controlled defendants' tractor-trailer without having brakes adequate to control the movement of and to stop and hold defendants' tractor-trailer, contrary to and in violation of Chapter 625, Section 5/12-301 of the Illinois Compiled Statutes; or

(c)    Owned, operated, managed, maintained and controlled defendants' tractor-trailer at a speed than was greater than reasonable and proper with regard to traffic conditions and use of a thoroughfare, contrary to and in violation of Chapter 625, Section 5/11-601(a) of the Illinois Compiled Statutes; or

(d)    Chose not to systematically inspect, repair and maintain defendants' tractor-trailer, or, cause defendants' tractor-trailer to be systematically inspected, repaired, or maintained, in violation of 49 C.F.R. 396.3, adopted by reference in Chapter 625, Section 5/18b-105; or

(e)    Carelessly and negligently operated defendants' tractor-trailer at an excessive rate of speed for the circumstances then existing, contrary to and in violation of Chapter 625, Section 5/11-601 of the Illinois Compiled Statutes, and 49 C.F.R. 5392.14, adopted by reference in Chapter 625, Section 5/18b-105; or

(f)    Failed to apply brakes in a timely manner, as to bring defendants' tractor-trailer to a safe stop, contrary to and in violation of Chapter 625, Section 5/12-301 of the Illinois Compiled Statutes; or

(g)    Chose to operate, manage, maintain, and control defendants' tractor-trailer without adequately operable brakes, in violation of 49 C.F.R. §393.48, adopted by reference in Chapter 625, Section 5/18b-105 of the Illinois Compiled Statutes.



6

28. As a direct and proximate result of one or more of the aforesaid acts and/or omissions of Jack Gray Transport, Inc. and Jay S. Taylor, as an agent and/or employee of Jack Gray Transport, Inc., Plaintiffs' Decedent, David E. Jones, sustained injuries resulting in his death on June 16, 2014.

29. As a proximate result of the death of David E. Jones, his family has been deprived of love, companionship and emotional support and has suffered injuries of a personal and pecuniary nature.

30. At the time of his death, David E. Jones left surviving his wife, Sara J. Jones, and their three children, Christopher Jones, Timothy Jones and Matthew Jones.

31. Christopher Jones, as Executor of the Estate of David E. Jones, Deceased, brings this cause of action on behalf of the Estate of the Decedent, pursuant to The Wrongful Death Act, 740 ILCS 180/1, et seq.

WHEREFORE, Plaintiff, Christopher Jones as a Executor of the Estate of David E. Jones, Deceased, prays this court enter judgment against Defendant, Jack Gray Transport, Inc. and Jay S. Taylor, as an employee and/or agent of Jack Gray Transport, Inc., in an amount in excess of $50,000.00 and that he have and recover his costs of suit.

PLAINTIFFS DEMAND A TRIAL BY JURY.

## COUNT II

### WRONGFUL DEATH - JACK GRAY TRANSPORTATION SERVICES, INC.

NOW COMES Plaintiff, Christopher Jones, as Executor of the Estate of David E. Jones, Deceased, by and through his attorneys, BOLGRIEN, KOEPKE, KIMES & LIVINGSTON, LLC, and for his Complaint against Defendant, Jack Gray Transportation Services, Inc., directly, and

7

through the acts or omissions of Jay S. Taylor, as agent and/or employee of Jack Gray Transportation Services, Inc., pleading hypothetically and in the alternative, states:

32. Plaintiff repeats, realleges, and incorporates herein by reference, paragraphs 1-9 of Plaintiffs' Complaint, as and for paragraph 32 of Count II of Plaintiffs' Complaint, as if again fully set forth and plead herein.

33. At all times relevant to this case, Defendant, Jay S. Taylor, operated, drove and controlled a tractor trailer that was owned and maintained by Defendant, Jack Gray Transportation Services Inc.

34. On June 16, 2014, Defendant, Jay S. Taylor, was driving the aforesaid tractor trailer owned by Defendant, Jack Gray Transportation Services Inc., in a generally southerly direction at or about mile post 113, on Interstate 39, in Ogle County, Illinois.

35. At the aforesaid time and place, Plaintiffs' Decedent, David B. Jones, was a passenger in a 2013 Toyota RAV 4, VIN 2T3DFREV2DW114463, Illinois Registration No. UC3063, then being driven by Co-Plaintiff, Sam J. Jones, in a generally southerly direction at mile post 113 on Interstate 39, in Ogle County, Illinois, and said vehicle was slowing or stopped in traffic.

36. At that time and place, the tractor trailer operated by Jay S. Taylor collided, with great force and violence, with the back of the vehicle then being driven by Plaintiff, Sara J. Jones.

37. In its relevant parts, the Motor Carrier Safety Regulations define "Motor Carrier" as a for-hire motor carrier or a private motor carrier; including a motor carrier's agents, officers and representatives, as well as employees responsible for hiring, supervising, training, assigning or dispatchers of drivers and employees concerned with the installation, inspection and maintenance

8

of motor vehicle equipment and/or accessories; this definition includes the term "employer". 49 C.F.R. §390.5.

38.    In its relevant parts, the Motor Carrier Safety Regulations define "Motor Vehicle" as any vehicle, machine, tractor, trailer, or semi-trailer propelled or drawn by mechanical power and used upon the highways in the transportation of passengers or property, or any combination thereof determined by the Federal Motor Carrier Safety Administration. 49 C.F.R. §390.5.

39.    In its relevant parts, the Motor Carrier Safety Regulations define an "Employer" as any person engaged in a business affecting interstate commerce that owns or leases a commercial motor vehicle in connection with that business, or assigns employees to operate it. 49 C.F.R. §390.5.

40.    In its relevant parts, the Motor Carrier Safety Regulations define an "Employee" as any individual, other than an employer, who is employed by an employer and who, in the course of his or her employment directly, affects commercial motor vehicle safety. "Employee" includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle). 49 C.F.R. §390.5.

41.    At all times relevant to this case, the tractor trailer driven by Jay S. Taylor was a semi trailer and, therefore, a "motor vehicle" as defined by the Motor Carrier Safety Regulations.

42.    At all times relevant to this case, Jay S. Taylor was a driver of that semi trailer and, therefore, an "employer", as defined by the Motor Carrier Safety Regulations.

43.    At all times relevant to this case, Defendant, Jack Gray Transport, Inc., owned, inspected and maintained the commercial motor vehicle involved in this occurrence, namely, the tractor trailer or semi trailer, as defined by the Motor Carrier Safety Regulations.

9

44.     As a motor carrier, Defendant, Jack Gray Transportation Services Inc., had a duty to require observance by its driver, such as Jay S. Taylor, of all duties or prohibitions set forth in the Motor Carrier Safety Regulations. 49 C.F.R. §390.11.

45.     Before allowing its tractor trailer to be operated on June 16, 2014, Jay S. Taylor and Jack Gray Transportation Services Inc., had the obligation to perform a pre-trip and systematic safety inspection of their tractor trailer in Illinois and all other states, and elsewhere where the tractor trailer was operated on June 16, 2014, to ensure that vehicle was in safe operating order, pursuant to Federal Law. 49 C.F.R. §396.

46.     Defendant, Jack Gray Transportation Services Inc., is vicariously liable for the negligent acts and omissions of its agent, Jay S. Taylor, for the conduct alleged above and hereinafter, contrary to and in violation of 49 C.F.R. §390.11, adopted by reference in 625 ILCS 5/18B-105.

47.     On June 16, 2014, Defendant, Jack Gray Transportation Services Inc., by and through its agent and/or employee, Jay S. Taylor, had a duty as a motor carrier to exercise ordinary care to avoid colliding with the vehicle occupied by Plaintiffs' Decedent, David E. Jones, and Plaintiff, Sam J. Jones.

48.     At all times relevant to this case, it was the duty of Defendant, Jack Gray Transportation Services Inc., and its agent and/or employee, Jay S. Taylor, to exercise reasonable care and caution in the inspection, maintenance and operation of its tractor and trailer for the safety of others, including Plaintiffs' Decedent, David E. Jones.

10

49.  Notwithstanding its duty, Defendant, Jack Gray Transportation Services Inc., and its agent and/or employee, Jay S. Taylor, were guilty of one or more of the following negligent acts or omissions:

    (a)    Owned, operated, managed, maintained, and controlled defendants' tractor-trailer without keeping a safe and proper lookout; or

    (b)    Owned, operated, managed, maintained and controlled defendants' tractor-trailer without having brakes adequate to control the movement of and to stop and hold defendants' tractor-trailer, contrary to and in violation of Chapter 625, Section 5/12-301 of the Illinois Compiled Statutes; or

    (c)    Owned, operated, managed, maintained and controlled defendants' tractor-trailer at a speed that was greater than reasonable and proper with regard to traffic conditions and use of a thoroughfare, contrary to and in violation of Chapter 625, Section 5/11-601(a) of the Illinois Compiled Statutes.; or

    (d)    Chose not to systematically inspect, repair and maintain defendants' tractor-trailer, or cause defendants' tractor-trailer to be systematically inspected, repaired, or maintained, in violation of 49 C.F.R. 396.3, adopted by reference in Chapter 625, Section 5/18b-105; or

    (e)    Carelessly and negligently operated defendants' tractor-trailer at an excessive rate of speed for the circumstances then existing, contrary to and in violation of Chapter 625, Section 5/11-601 of the Illinois Compiled Statutes, and 49 C.F.R. 5392.14; adopted by reference in Chapter 625, Section 5/18b-105; or

    (f)    Failed to apply brakes in a timely manner, as to bring defendants' tractor-trailer to a safe stop, contrary to and in violation of Chapter 625, Section 5/12-301 of the Illinois Compiled Statutes; or

    (g)    Chose to operate, manage, maintain, and control defendants' tractor-trailer without adequately operable brakes, in violation of 49 C.F.R. §393.48, adopted by reference in Chapter 625, Section 5/18b-105 of the Illinois Compiled Statutes.

50.  As a direct and proximate result of one or more of the aforesaid acts and/or omissions of Jack Gray Transportation Services Inc. and Jay S. Taylor, as an agent and/or employee of Jack

Gray Transportation Services Inc., Plaintiffs' Decedent, David E. Jones, sustained injuries resulting in his death on June 16, 2014.

51.     As a proximate result of the death of David E. Jones, his family has been deprived of love, companionship and emotional support and has suffered injuries of a personal and pecuniary nature.

52.     At the time of his death, David E. Jones left surviving his wife, Sara J. Jones, and their three children, Christopher Jones, Timothy Jones and Matthew Jones.

53.     Christopher Jones, as Executor of the Estate of David E. Jones, Deceased, brings this cause of action on behalf of the Estate of the Decedent, pursuant to The Wrongful Death Act, 740 ILCS 180/1, et seq.

WHEREFORE, Plaintiff, Christopher Jones, as a Executor of the Estate of David E. Jones, Deceased, prays this court enter judgment against Defendant, Jack Gray Transportation Services Inc., and Jay S. Taylor, as an employee and/or agent of Jack Gray Transportation Services Inc., in an amount in excess of $50,000.00 and that he have and recover his costs of suit.

PLAINTIFFS DEMAND A TRIAL BY JURY.

## COUNT III

## WRONGFUL DEATH – JAY S. TAYLOR

NOW COMES Plaintiff, Christopher Jones, as Executor of the Estate of David E. Jones, Deceased, by and through his attorneys, BOLGRIEN, KOEPKE, KIMES & LIVINGSTON, LLC, and for his Complaint against Defendant, Jay S. Taylor, pleading hypothetically and in the alternative, states:

12

54.     Plaintiff repeats, realleges, and incorporates herein by reference, paragraphs 1-53 of Plaintiffs' Complaint, as and for paragraph 54 of Count III of Plaintiffs' Complaint, as if again fully set forth and plead herein.

WHEREFORE, Plaintiff, Christopher Jones, as a Executor of the Estate of David E. Jones, Deceased, prays this court enter judgment against Defendant, Jay S. Taylor, as an employee and/or agent of Jack Gray Transportation Services Inc., or Jack Gray Transport Inc., in an amount in excess of $50,000.00 and that he have and recover his costs of suit.

PLAINTIFFS DEMAND A TRIAL BY JURY.

## COUNT IV

### SURVIVAL ACT – JACK GRAY TRANSPORT, INC.

NOW COMES Plaintiff, Christopher Jones, as Executor of the Estate of David E. Jones, by his attorneys, BOLGRIEN, KOEPKE, KIMES & LIVINGSTON, LLC, and as and for his Complaint against Defendant, Jack Gray Transport, Inc., directly and through the acts or omissions of Jay S. Taylor, as the agent and/or employee of Jack Gray Transport, Inc., pleading hypothetically and in the alternative, states:

55.     Plaintiff repeats, realleges, and incorporates herein by reference, paragraphs 1-31 of Plaintiffs' Complaint, as and for paragraph 55 of Count IV of Plaintiffs' Complaint, as if again fully set forth and plead herein.

56.     As a direct and proximate result of one or more of the aforementioned acts or omissions of the Defendant, Jack Gray Transport, Inc., directly and through the acts or omissions of Jay S. Taylor, as agent and/or employee of Jack Gray Transport, Inc., Plaintiffs' Decedent, David E. Jones, did suffer serious injuries of a personal and pecuniary nature, including, but not limited to,

13

great pain and suffering before his death, subjecting the Defendants to liability pursuant to 755 ILCS 5/27-6, commonly referred to as the Survival Act.

WHEREFORE, Plaintiff, Christopher Jones, as Executor of the Estate of David E. Jones, Deceased, prays this court enter judgment against Defendant, Jack Gray Transport, Inc. and Jay S. Taylor, as an employee and/or agent of Jack Gray Transport, Inc., in an amount in excess of $50,000.00 and that he have and recover his costs of suit.

PLAINTIFFS DEMAND A TRIAL BY JURY.

## COUNT V

## SURVIVAL ACT - JACK GRAY TRANSPORTATION SERVICES, INC.

NOW COMES Plaintiff, Christopher Jones, as Executor of the Estate of David E. Jones, by his attorneys, BOLGRIEN, KOEPKE, KIMES & LIVINGSTON, LLC, and as and for his Complaint against Defendant, Jack Gray Transportation Services, Inc., directly and through the acts or omissions of Jay S. Taylor, as the agent and/or employee of Jack Gray Transportation Services, Inc., pleading hypothetically and in the alternative, states:

57.     Plaintiff repeats, realleges, and incorporates herein by reference, paragraphs 1-9 of Plaintiff's Complaint and 32-53 of Plaintiff's Complaint, as and for paragraph 57 of Count V of Plaintiffs' Complaint, as if again fully set forth and plead herein.

58.     As a direct and proximate result of one or more of the aforementioned acts or omissions of the Defendant, Jack Gray Transportation Services, Inc., directly and through the acts or omissions of Jay S. Taylor, as agent and/or employee of Jack Gray Transportation Services, Inc., Plaintiffs' Decedent, David E. Jones, did suffer serious injuries of a personal and pecuniary nature,

14

including, but not limited to, great pain and suffering before his death, subjecting the Defendants to liability pursuant to 755 ILCS 5/27-6, commonly referred to as the Survival Act.

WHEREFORE, Plaintiff, Christopher Jones, as Executor of the Estate of David E. Jones, Deceased, prays this court enter judgment against Defendant, Jack Gray Transportation Services, Inc., and Jay S. Taylor, as an employee and/or agent of Jack Gray Transportation Services, Inc., in an amount in excess of $50,000.00 and that he have and recover his costs of suit.

PLAINTIFFS DEMAND A TRIAL BY JURY.

## COUNT VI

### SURVIVAL ACT - JAY S. TAYLOR

NOW COMES Plaintiff, Christopher Jones, as Executor of the Estate of David E. Jones, by his attorneys, BOLGRIEN, KOEPKE, KIMES & LIVINGSTON, LLC, and as and for his Complaint against Defendant, Jay S. Taylor, as the agent and/or employee of Jack Gray Transport Inc., or Jack Gray Transportation Services, Inc., pleading hypothetically and in the alternative, states:

59.    Plaintiff repeats, realleges, and incorporates herein by reference, paragraphs 1-58 of Count V of Plaintiffs' Complaint, as and for paragraph 59 of Count VI of Plaintiffs' Complaint, as if again fully set forth and plead herein.

60.    As a direct and proximate result of one or more of the aforementioned acts or omissions of the Defendant, Jay S. Taylor, as agent and/or employee of Jack Gray Transport, Inc., and Jack Gray Transportation Services, Inc., Plaintiffs' Decedent, David E. Jones, did suffer serious injuries of a personal and pecuniary nature, including, but not limited to, great pain and suffering before his death, subjecting the Defendants to liability pursuant to 755 ILCS 5/27-6, commonly referred to as the Survival Act.

15

WHEREFORE, Plaintiff, Christopher Jones, as Executor of the Estate of David E. Jones, Deceased, prays this court enter judgment against Defendant, Jay S. Taylor, as an employee and/or agent of Jack Gray Transport, Inc., or Jack Gray Transportation Services, Inc. in an amount in excess of $50,000.00 and that he have and recover his costs of suit.

PLAINTIFFS DEMAND A TRIAL BY JURY.

<u>COUNT VII</u>

<u>NEGLIGENCE – JACK GRAY TRANSPORT, INC.</u>

NOW COMES Plaintiff, Sara J. Jones, by and through her attorneys, BOLGRIEN, KOEPKE, KIMES, & LIVINGSTON, LLC, and for her Complaint against Defendant, Jack Gray Transport, Inc., directly and through the acts or omissions of Jay S. Taylor, as the agent and/or employee of Jack Gray Transport, Inc., pleading hypothetically and in the alternative, states:

61.     On information and belief, at all times relevant to this case, Defendant, Jack Gray Transport, Inc., was an Indiana Corporation, transacting business and doing business in Ogle County, Illinois.

62.     On information and belief, at all times material to this case, Jack Gray Transport, Inc. owned, maintained and serviced a 2004 Volvo truck tractor, VIN 4V4NC9GH24N372630, Indiana Registration No. 1056482.

63.     At all times relevant to this case, Defendant, Jack Gray Transport, Inc., owned, maintained and serviced a 1999 Benson trailer, VIN 1NUDT28G9XM4A50099, Indiana Registration No. SF842AAN.

64.     At all times relevant to this case, Defendant, Jay S. Taylor, operated, drove and controlled a tractor trailer that was owned and maintained by Defendant, Jack Gray Transport, Inc.

16

65.     On June 16, 2014, Defendant, Jay S. Taylor, was driving the aforesaid tractor trailer owned by Defendant, Jack Gray Transport, Inc., in a generally southerly direction at or about mile post 113, on Interstate 39, in Ogle County, Illinois.

66.     At the aforesaid time and place, Plaintiff, Sara J. Jones, was operating a 2013 Toyota RAV 4, VIN 2T3DFREV2DW114463, Illinois Registration No. UC3063, in a generally southerly direction at mile post 113 on Interstate 39, in Ogle County, Illinois, and said vehicle was slowing or stopped in traffic.

67.     At that time and place, the tractor trailer operated by Jay S. Taylor collided, with great force and violence, with the back of the vehicle then being driven by Plaintiff, Sara J. Jones.

68.     In its relevant parts, the Motor Carrier Safety Regulations define "motor carrier" as a for-hire motor carrier or a private motor carrier; including a motor carrier's agents, officers and representatives, as well as employees responsible for hiring, supervising, training, assigning or dispatchers of drivers and employees concerned with the installation, inspection and maintenance of motor vehicle equipment and/or accessories; this definition includes the term "employer". 49 C.F.R. §390.5.

69.     In its relevant parts, the Motor Carrier Safety Regulations define "Motor Vehicle" as any vehicle, machine, tractor, trailer, or semi-trailer propelled or drawn by mechanical power and used upon the highways in the transportation of passengers or property, or any combination thereof determined by the Federal Motor Carrier Safety Administration. 49 C.F.R. §390.5.

70.     In its relevant parts, the Motor Carrier Safety Regulations define an "Employer" as any person engaged in a business affecting interstate commerce that owns or leases a commercial motor vehicle in connection with that business, or assigns employees to operate it. 49 C.F.R. §390.5.

17

71.     In its relevant parts, the Motor Carrier Safety Regulations define an "Employee" as any individual, other than an employer, who is employed by an employer and who, in the course of his or her employment directly, affects commercial motor vehicle safety. "Employee" includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle). 49 C.F.R. §390.5.

72.     At all times relevant to this case, the tractor-trailer driven by Jay S. Taylor was a semi trailer and, therefore, a "motor vehicle" as defined by the Motor Carrier Safety Regulations.

73.     At all times relevant to this case, Jay S. Taylor was a driver of that semi trailer and, therefore, an "employee", as defined by the Motor Carrier Safety Regulations.

74.     At all times relevant to this case, Defendant, Jack Gray Transport, Inc., owned, inspected and maintained the commercial motor vehicle involved in this occurrence, namely, the tractor trailer or semi trailer, as defined by the Motor Carrier Safety Regulations.

75.     As a motor carrier, Defendant, Jack Gray Transport, Inc., had a duty to require observance by its driver, such as Jay S. Taylor, of all duties or prohibitions set forth in the Motor Carrier Safety Regulations. 49 C.F.R. §390.11.

76.     Before allowing its tractor trailer to be operated on June 16, 2014, Jay S. Taylor and Jack Gray Transport, Inc., had the obligation to perform a pre-trip and systematic safety inspection of their tractor trailer in Illinois and all other states, and elsewhere where the tractor trailer was operated on June 16, 2014, to ensure that vehicle was in safe operating order, pursuant to Federal Law. 49 C.F.R. §396.

18

77. Defendant, Jack Gray Transport, Inc., is vicariously liable for the negligent acts and omissions of its agent, Jay S. Taylor, for the conduct alleged above and hereinafter, contrary to and in violation of 49 C.F.R. §390.11, adopted by reference in 625 ILCS 5/18B-105.

78. On June 16, 2014, Defendant, Jack Gray Transport, Inc., by and through its agent and/or employee, Jay S. Taylor, had a duty as a motor carrier to exercise ordinary care to avoid colliding with the vehicle operated by Plaintiff, Sara J. Jones.

79. At all times relevant to this case, it was the duty of Defendant, Jack Gray Transport, Inc., and its agent and/or employee, Jay S. Taylor, to exercise reasonable care and caution in the inspection, maintenance and operation of its tractor and trailer for the safety of others, including Plaintiff, Sara J. Jones.

80. Notwithstanding its duty, Defendant, Jack Gray Transport, Inc., and its agent and/or employee, Jay S. Taylor, were guilty of one or more of the following acts or omissions:

     (a) Owned, operated, managed, maintained, and controlled defendants' tractor-trailer without keeping a safe and proper lookout; or

     (b) Owned, operated, managed, maintained and controlled defendants' tractor-trailer without having brakes adequate to control the movement of and to stop and hold defendants' tractor-trailer, contrary to and in violation of Chapter 625, Section 5/12-301 of the Illinois Compiled Statutes; or

     (c) Owned, operated, managed, maintained and controlled defendants' tractor-trailer at a speed than was greater than reasonable and proper with regard to traffic conditions and use of a thoroughfare, contrary to and in violation of Chapter 625, Section 5/11-601(a) of the Illinois Compiled Statutes; or

     (d) Chose not to systematically inspect, repair and maintain defendants' tractor-trailer, or cause defendants' tractor-trailer to be systematically inspected, repaired, or maintained, in violation of 49 C.F.R. 396.3, adopted by reference in Chapter 625, Section 5/18b-105; or

19

(e)  Carelessly and negligently operated defendants' tractor-trailer at an excessive rate of speed for the circumstances then existing, contrary to and in violation of Chapter 625, Section 5/11-601 of the Illinois Compiled Statutes, and 49 C.F.R. 5392.14, adopted by reference in Chapter 625, Section 5/18b-105; or

(f)  Failed to apply brakes in a timely manner, as to bring defendants' tractor-trailer to a safe stop, contrary to and in violation of Chapter 625, Section 5/12-301 of the Illinois Compiled Statutes; or

(g)  Chose to operate, manage, maintain, and control defendants' tractor-trailer without adequately operable brakes, in violation of 49 C.F.R. §393.48, adopted by reference in Chapter 625, Section 5/18b-105 of the Illinois Compiled Statutes.

81.  As a direct and proximate result of one or more of the aforesaid acts and/or omissions of Jack Gray Transport, Inc. and Jay S. Taylor, as an agent and/or employee of Jack Gray Transport, Inc., Plaintiff, Sara J. Jones, sustained injuries.

82.  As a proximate result of the injuries suffered by Plaintiff, Sara J. Jones, her family has been deprived of love, companionship and emotional support.

WHEREFORE, Plaintiff, Sara J. Jones, prays this court enter judgment against Defendant, Jack Gray Transport, Inc. and Jay S. Taylor, as an employee and/or agent of Jack Gray Transport, Inc., in an amount in excess of $50,000.00 and that she have and recover her costs of suit.

PLAINTIFFS DEMAND A TRIAL BY JURY.

## COUNT VIII

## NEGLIGENCE - JACK GRAY TRANSPORTATION SERVICES, INC.

NOW COMES Plaintiff, Sara J. Jones, by and through her attorneys, BOLGRIEN, KOEPKE, KIMES, & LIVINGSTON, LLC, and for her Complaint against Defendant, Jack Gray Transportation Services, Inc., directly and through the acts or omissions of Jay S. Taylor, as the agent and/or employee of Jack Gray Transport, Inc., pleading hypothetically and in the alternative, states:

20

83.    On information and belief, at all times relevant to this case, Defendant, Jack Gray Transportation Services, Inc., was an Indiana Corporation, transacting business and doing business in Ogle County, Illinois.

84.    On information and belief, at all times material to this case, Jack Gray Transportation Services, Inc. owned, maintained and serviced a 2004 Volvo truck tractor, VIN 4V4NC9GH24N372630, Indiana Registration No. 1056482.

85.    At all times relevant to this case, Defendant, Jack Gray Transportation Services, Inc., owned, maintained and serviced a 1999 Benson trailer, VIN 1NUDT28G9XMA50099, Indiana Registration No. SF842AAN.

86.    At all times relevant to this case, Defendant, Jay S. Taylor, operated, drove and controlled a tractor trailer that was owned and maintained by Defendant, Jack Gray Transportation Services, Inc.

87.    On June 16, 2014, Defendant, Jay S. Taylor, was driving the aforesaid tractor trailer owned by Defendant, Jack Gray Transportation Services, Inc., in a generally southerly direction at or about mile post 113, on Interstate 39, in Ogle County, Illinois.

88.    At the aforesaid time and place, Plaintiff, Sara J. Jones, was operating a 2013 Toyota RAV 4, VIN 2T3DFREV2DW114463, Illinois Registration No. UC3063, in a generally southerly direction at mile post 113 on Interstate 39, in Ogle County, Illinois, and said vehicle was slowing or stopped in traffic.

89.    At that time and place, the tractor trailer operated by Jay S. Taylor collided, with great force and violence, with the back of the vehicle then being driven by Plaintiff, Sara J. Jones.

21

90.  In its relevant parts, the Motor Carrier Safety Regulations define "motor carrier" as a for-hire motor carrier or a private motor carrier; including a motor carrier's agents, officers and representatives, as well as employees responsible for hiring, supervising, training, assigning or dispatchers of drivers and employees concerned with the installation, inspection and maintenance of motor vehicle equipment and/or accessories; this definition includes the term "employer". 49 C.F.R. §390.5.

91.  In its relevant parts, the Motor Carrier Safety Regulations define "Motor Vehicle" as any vehicle, machine, tractor, trailer, or semi-trailer propelled or drawn by mechanical power and used upon the highways in the transportation of passengers or property, or any combination thereof determined by the Federal Motor Carrier Safety Administration. 49 C.F.R. §390.5.

92.  In its relevant parts, the Motor Carrier Safety Regulations define an "Employer" as any person engaged in a business affecting interstate commerce that owns or leases a commercial motor vehicle in connection with that business, or assigns employees to operate it. 49 C.F.R. §390.5.

93.  In its relevant parts, the Motor Carrier Safety Regulations define an "Employee" as any individual, other than an employer, who is employed by an employer and who, in the course of his or her employment directly, affects commercial motor vehicle safety.  "Employee" includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle). 49 C.F.R. §390.5.

94.  At all times relevant to this case, the tractor trailer driven by Jay S. Taylor was a semi trailer and, therefore, a "motor vehicle" as defined by the Motor Carrier Safety Regulations.

95.  At all times relevant to this case, Jay S. Taylor was a driver of that semi trailer and, therefore, an "employee", as defined by the Motor Carrier Safety Regulations.

22

96.     At all times relevant to this case, Defendant, Jack Gray Transportation Services, Inc., owned, inspected and maintained the commercial motor vehicle involved in this occurrence, namely, the tractor trailer or semi trailer, as defined by the Motor Carrier Safety Regulations.

97.     As a motor carrier, Defendant, Jack Gray Transportation Services, Inc., had a duty to require observance by its driver, such as Jay S. Taylor, of all duties or prohibitions set forth in the Motor Carrier Safety Regulations. 49 C.F.R. §390.11.

98.     Before allowing its tractor trailer to be operated on June 16, 2014, Jay S. Taylor and Jack Gray Transportation Services, Inc., had the obligation to perform a pre-trip and systematic safety inspection of their tractor trailer in Illinois and all other states, and elsewhere where the tractor trailer was operated on June 16, 2014, to ensure that vehicle was in safe operating order, pursuant to Federal Law. 49 C.F.R. §396.

99.     Defendant, Jack Gray Transportation Services, Inc., is vicariously liable for the negligent acts and omissions of its agent, Jay S. Taylor, for the conduct alleged above and hereinafter, contrary to and in violation of 49 C.F.R. §390.11, adopted by reference in 625 ILCS 5/18B-105.

100.     On June 16, 2014, Defendant, Jack Gray Transportation Services, Inc., by and through its agent and/or employee, Jay S. Taylor, had a duty as a motor carrier to exercise ordinary care to avoid colliding with the vehicle operated by Plaintiff, Sara J. Jones.

101.     At all times relevant to this case, it was the duty of Defendant, Jack Gray Transportation Services, Inc., and its agent and/or employee, Jay S. Taylor, to exercise reasonable care and caution in the inspection, maintenance and operation of its tractor and trailer for the safety of others, including Plaintiff, Sara J. Jones.

23

102.    Notwithstanding its duty, Defendant, Jack Gray Transportation Services, Inc., and its agent and/or employee, Jay S. Taylor, were guilty of one or more of the following acts or omissions:

(a)    Owned, operated, managed, maintained, and controlled defendants' tractor-trailer without keeping a safe and proper lookout; or

(b)    Owned, operated, managed, maintained and controlled defendants' tractor-trailer without having brakes adequate to control the movement of and to stop and hold defendants' tractor-trailer, contrary to and in violation of Chapter 625, Section 5/12-301 of the Illinois Compiled Statutes; or

(c)    Owned, operated, managed, maintained and controlled defendants' tractor-trailer at a speed than was greater than reasonable and proper with regard to traffic conditions and use of a thoroughfare, contrary to and in violation of Chapter 625, Section 5/11-601(a) of the Illinois Compiled Statutes; or

(d)    Chose not to systematically inspect, repair and maintain defendants' tractor-trailer, or cause defendants' tractor-trailer to be systematically inspected, repaired, or maintained, in violation of 49 C.F.R. 396.3, adopted by reference in Chapter 625, Section 5/18b-105; or

(e)    Carelessly and negligently operated defendants' tractor-trailer at an excessive rate of speed for the circumstances then existing, contrary to and in violation of Chapter 625, Section 5/11-601 of the Illinois Compiled Statutes, and 49 C.F.R. 5392.14, adopted by reference in Chapter 625, Section 5/18b-105; or

(f)    Failed to apply brakes in a timely manner, as to bring defendants' tractor-trailer to a safe stop, contrary to and in violation of Chapter 625, Section 5/12-301 of the Illinois Compiled Statutes; or

(g)    Chose to operate, manage, maintain, and control defendants' tractor-trailer without adequately operable brakes, in violation of 49 C.F.R. 5393.48, adopted by reference in Chapter 625, Section 5/18b-105 of the Illinois Compiled Statutes.

103.    As a direct and proximate result of one or more of the aforesaid acts and/or omissions of Jack Gray Transportation Services, Inc. and Jay S. Taylor, as an agent and/or employee of Jack Gray Transportation Services, Inc., Plaintiff, Sara J. Jones, sustained injuries.

24

104.    As a proximate result of the injuries suffered by Plaintiff, Sara J. Jones, her family has been deprived of love, companionship and emotional support.

WHEREFORE, Plaintiff, Sara J. Jones, prays this court enter judgment against Defendant, Jack Gray Transportation Services, Inc. and Jay S. Taylor, as an employee and/or agent of Jack Gray Transportation Services, Inc., in an amount in excess of $50,000.00 and that she have and recover her costs of suit.

PLAINTIFFS DEMAND A TRIAL BY JURY.

## COUNT IX

## NEGLIGENCE - JAY S. TAYLOR

NOW COMES Plaintiff, Sara J. Jones, by and through her attorneys, BOLGRIEN, KOEPKE, KIMES, & LIVINGSTON, LLC, and for her Complaint against Defendant, Jay S. Taylor, as the agent and/or employee of Jack Gray Transport, Inc. and Jack Gray Transportation Inc., pleading hypothetically and in the alternative, states:

105.    Plaintiff repeats, realleges, and incorporates herein by reference, paragraphs 61-104 of Plaintiffs' Complaint, as and for paragraph of Count IX of Plaintiffs' Complaint, as if again fully set forth and plead herein.

WHEREFORE, Plaintiff, Sara J. Jones, prays this court enter judgment against Defendant, Jay S. Taylor, as an employee and/or agent of Jack Gray Transportation Services, Inc. and Jack Gray Transport, Inc., in an amount in excess of $50,000.00 and that she have and recover her costs of suit.

PLAINTIFFS DEMAND A TRIAL BY JURY.

25

## COUNT X

## WILLFUL AND WANTON – JACK GRAY TRANSPORT, INC.

NOW COMES Plaintiff, Sam J. Jones, by and through her attorneys, BOLGRIEN, KOEPKE, KIMES, & LIVINGSTON, LLC, and for her Complaint against Defendant, Jay S. Taylor, as the agent and/or employee of Jack Gray Transport, Inc., pleading hypothetically and in the alternative, states:

106.    Plaintiff repeats, realleges, and incorporates herein by reference, paragraphs 61-105 of Count VIII of Plaintiffs' Complaint, as and for paragraph of Count X of Plaintiffs' Complaint, as if again fully set forth and plead herein.

107.    Notwithstanding its duty, Defendant, Jack Gray Transport, Inc., and its agent and/or employee, Jay S. Taylor, were guilty of one or more of the following willful and wanton acts or omissions:

(a)    Owned, operated, managed, maintained, and controlled defendants' tractor-trailer without keeping a safe and proper lookout; or

(b)    Owned, operated, managed, maintained and controlled defendants' tractor-trailer without having brakes adequate to control the movement of and to stop and hold defendants' tractor-trailer, contrary to and in violation of Chapter 625, Section 5/12-301 of the Illinois Compiled Statutes; or

(c)    Owned, operated, managed, maintained and controlled defendants' tractor-trailer at a speed than was greater than reasonable and proper with regard to traffic conditions and use of a thoroughfare, contrary to and in violation of Chapter 625, Section 5/11-501(a) of the Illinois Compiled Statutes; or

(d)    Chose not to systematically inspect, repair and maintain defendants' tractor-trailer, or cause defendants' tractor-trailer to be systematically inspected, repaired, or maintained, in violation of 49 C.F.R. 396.3, adopted by reference in Chapter 625, Section 5/18b-105; or

26

(e)     Willfully and wantonly operated defendants' tractor-trailer at an excessive rate of speed for the circumstances then existing, contrary to and in violation of Chapter 625, Section 5/11-601 of the Illinois Compiled Statutes; and 49 C.F.R. 5392.14, adopted by reference in Chapter 625, Section 5/18b-105; or

(f)     Failed to apply brakes in a timely manner, as to bring defendants' tractor-trailer to a safe stop, contrary to and in violation of Chapter 625, Section 5/12-301 of the Illinois Compiled Statutes; or

(g)     Chose to operate, manage, maintain, and control defendants' tractor-trailer without adequately operable brakes, in violation of 49 C.F.R. §393.48, adopted by reference in Chapter 625, Section 5/18b-105 of the Illinois Compiled Statutes.

WHEREFORE, Plaintiff, Sara J. Jones, prays this court enter judgment against Defendant, Jay S. Taylor, as an employee and/or agent of Jack Gray Transport, Inc., in an amount in excess of $50,000.00 and that she have and recover her costs of suit.

PLAINTIFFS DEMAND A TRIAL BY JURY.

## COUNT XI

## WILLFUL AND WANTON

## JACK GRAY TRANSPORTATION SERVICES, INC.

NOW COMES Plaintiff, Sara J. Jones, by and through her attorneys, BOLGRIEN, KOEPKE, KIMES, & LIVINGSTON, LLC, and for her Complaint against Defendant, Jay S. Taylor, as the agent and/or employee of Jack Gray Transportation Services, Inc., pleading hypothetically and in the alternative, states:

108.    Plaintiff repeats, realleges, and incorporates herein by reference, paragraphs 61-107 of Count X of Plaintiffs' Complaint, as and for paragraph of Count XI of Plaintiffs' Complaint, as if again fully set forth and plead herein.

27

109: Notwithstanding its duty, Defendant, Jack Gray Transportation Services, Inc., and its agent and/or employee, Jay S. Taylor, were guilty of one or more of the following willful and wanton acts or omissions:

(a) Owned, operated, managed, maintained, and controlled defendants' tractor-trailer without keeping a safe and proper lookout; or

(b) Owned, operated, managed, maintained and controlled defendants' tractor-trailer without having brakes adequate to control the movement of and to stop and hold defendants' tractor-trailer; contrary to and in violation of Chapter 625, Section 5/12-301 of the Illinois Compiled Statutes; or

(c) Owned, operated, managed, maintained and controlled defendants' tractor-trailer at a speed than was greater than reasonable and proper with regard to traffic conditions and use of a thoroughfare, contrary to and in violation of Chapter 625, Section 5/11-601(a) of the Illinois Compiled Statutes; or

(d) Chose not to systematically inspect, repair and maintain defendants' tractor-trailer, or cause defendants' tractor-trailer to be systematically inspected, repaired, or maintained, in violation of 49 C.F.R. 396.3, adopted by reference in Chapter 625, Section 5/18b-105; or

(e) Willfully and wantonly operated defendants' tractor-trailer at an excessive rate of speed for the circumstances then existing, contrary to and in violation of Chapter 625, Section 5/11-601 of the Illinois Compiled Statutes, and 49 C.F.R. 5392.14, adopted by reference in Chapter 625, Section 5/18b-105; or

(f) Failed to apply brakes in a timely manner, as to bring defendants' tractor-trailer to a safe stop, contrary to and in violation of Chapter 625, Section 5/12-301 of the Illinois Compiled Statutes; or

(g) Chose to operate, manage, maintain, and control defendants' tractor-trailer without adequately operable brakes, in violation of 49 C.F.R. §393.48, adopted by reference in Chapter 625, Section 5/18b-105 of the Illinois Compiled Statutes.

WHEREFORE, Plaintiff, Sara J. Jones, prays this court enter judgment against Defendant, Jay S. Taylor, as an employee and/or agent of Jack Gray Transportation Services, Inc., in an amount in excess of $50,000.00 and that she have and recover her costs of suit.

PLAINTIFFS DEMAND A TRIAL BY JURY.

COUNT XII

WILLFUL AND WANTON - JAY S. TAYLOR

NOW COMES Plaintiff, Sara J. Jones, by and through her attorneys, BOLGRIEN, KOEPKE,

KIMES, & LIVINGSTON, LLC, and for her Complaint against Defendant, Jay S. Taylor, as the

agent and/or employee of Jack Gray Transportation Services, Inc. or Jack Gray Transport, Inc,

pleading hypothetically and in the alternative, states:

110.    Plaintiff repeats, realleges, and incorporates herein by reference, paragraphs 1 - 9 and

61 - 109 of Count XI Plaintiffs' Complaint, as and for paragraph 110 of Count XII of Plaintiffs'

Complaint, as if again fully set forth and plead herein.

111.    Notwithstanding its duty, Defendant, Jay S. Taylor, were guilty of one or more of the

following willful and want acts or omissions:

(a)     Owned, operated, managed, maintained, and controlled defendants' tractor-trailer
        without keeping a safe and proper lookout; or

(b)     Owned, operated, managed, maintained and controlled defendants' tractor-trailer
        without having brakes adequate to control the movement of and to stop and hold
        defendants' tractor-trailer, contrary to and in violation of Chapter 625, Section
        5/12-301 of the Illinois Compiled Statutes; or

(c)     Owned, operated, managed, maintained and controlled defendants' tractor-trailer at
        a speed than was greater than reasonable and proper with regard to traffic conditions
        and use of a thoroughfare, contrary to and in violation of Chapter 625, Section
        5/11-601(a) of the Illinois Compiled Statutes; or

(d)     Chose not to systematically inspect, repair and maintain defendants' tractor-trailer,
        or cause defendants' tractor-trailer to be systematically inspected, repaired, or
        maintained, in violation of 49 C.F.R. 396.3, adopted by reference in Chapter 625,
        Section 5/18b-105; or

29

(e)    Willfully and wantonly operated defendants' tractor-trailer at an excessive rate of speed for the circumstances then existing, contrary to and in violation of Chapter 625, Section 5/11-601 of the Illinois Compiled Statutes, and 49 C.F.R. 5392.14, adopted by reference in Chapter 625, Section 5/18b-105; or

(f)    Failed to apply brakes in a timely manner, as to bring defendants' tractor-trailer to a safe stop, contrary to and in violation of Chapter 625, Section 5/12-301 of the Illinois Compiled Statutes; or

(g)    Chose to operate, manage, maintain, and control defendants' tractor-trailer without adequately operable brakes, in violation of 49 C.F.R. §393.48, adopted by reference in Chapter 625, Section 5/18b-105 of the Illinois Compiled Statutes.

WHEREFORE, Plaintiff, Sara J. Jones, prays this court enter judgment against Defendant, Jay S. Taylor, as an employee and/or agent of Jack Gray Transportation Services, Inc., or Jack Transport, Inc. in an amount in excess of $50,000.00 and that she have and recover her costs of suit.

PLAINTIFFS DEMAND A TRIAL BY JURY.

## COUNT XIII

## FAMILY EXPENSE

NOW COMES Plaintiffs, Christopher Jones, as Executor of the Estate of David E. Jones, Deceased, and Sara J. Jones, individually, by and through their attorneys, BOLGRIEN, KOEPKE, KIMES & LIVINGSTON, LLC, and for their Complaint against Defendant, Jack Gray Transport, Inc., directly, and through the acts or omissions of Jay S. Taylor, as agent and/or employee of Jack Gray Transport, Inc., and Defendant, Jack Gray Transportation Services, Inc., directly, and through the acts or omissions of Jay S. Taylor, as agent and/or employee of Jack Gray Transportation Services, Inc. pleading hypothetically and in the alternative, state:

30

112.    Plaintiff repeats, realleges, and incorporates herein by reference, paragraphs 1 - 111 of Count XII of Plaintiffs' Complaint, as and for paragraph 112 of Count XIII of Plaintiffs' Complaint, as if again fully set forth and plead herein.

113.    That as a direct and proximate result of one or more of the aforementioned acts or omissions of the Defendants, The Plaintiffs, Christopher Jones, as Executor of the Estate of David E. Jones, Deceased, Sara J. Jones individually, did sustain great losses in the form of medical, funeral, and burial expenses.

WHEREFORE, Plaintiff, Christopher Jones, as a Executor of the Estate of David E. Jones, Deceased, Sara J. Jones, individually, prays this court enter judgment against Defendant, Jack Gray Transport, Inc. and Jay S. Taylor, as an employee and/or agent of Jack Gray Transport, Inc., and Jack Gray Transportation Services, Inc. and Jay S. Taylor, as an employee and/or agent of Jack Gray Transportation Services, Inc. in an amount necessary to full and fairly compensate Plaintiffs for all of their losses compensable under the terms of the Family Expense Act, 750 ILCS 65/15, and Illinois common law, which substantially exceed of the minimum jurisdictional amount.

PLAINTIFFS DEMAND A TRIAL BY JURY.

Dated this 29 day of February, 2016.

BOLGRIEN, KOEPKE, KIMES
& LIVINGSTON, LLC
Attorneys for Plaintiffs

BY: _____
Rodney W. Kimes

Rodney W. Kimes # 06211305
542 E. Grand Ave.
Beloit, WI 53511
(608) 365-7702
rkimes@bolgrienlaw.com

31

## IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT
## OGLE COUNTY, ILLINOIS

CHRISTOPHER JONES,
as Executor of the Estate of
DAVID E. JONES
and
SARA J. JONES, individually,                    Case No. 2016-L- 5
                    Plaintiffs,
-vs-
JACK GRAY TRANSPORT, INC.,
and
JACK GRAY TRANSPORTATION SERVICES, INC.
and
JAY S. TAYLOR,
                    Defendants.

### SUMMONS

To each defendant: Jack Gray Transport, Inc.


        **YOU ARE SUMMONED** and required to file an answer in this case, or otherwise file your appearance in the Office of the Circuit Clerk of this Court, located at 106 South Fifth, Oregon, Illinois within thirty (30) days after service of this Summons, not counting the day of service.  IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.


To the officer:

        This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service.  If service cannot be made, the summons shall be returned so endorsed.

        This summons may not be served later than 30 days after its issuance.

                            Witness ___March 2_____, 2016

(Seal of Court)                     ___Kimberly A Stahl_____
                            Clerk of the Circuit Court      (WH)

Rodney W. Kimes - #6211305
Attorney for Plaintiffs
BOLGRIEN, KOEPKE, KIMES & LIVINGSTON, LLC
540 East Grand Avenue
Beloit, WI 53511
608-365-7702
rkimes@bolgrienlaw.com

                        Date of Service: _____, 2016


To be inserted by officer/Process Server on the copy left with the defendant/respondent or other person

## IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT
## OGLE COUNTY, ILLINOIS

CHRISTOPHER JONES,
as Executor of the Estate of
DAVID E. JONES
and
SARA J. JONES, individually,                                    Case No. 2016-L-___5___
                             Plaintiffs,
-vs-
JACK GRAY TRANSPORT, INC.,
and
JACK GRAY TRANSPORTATION SERVICES, INC.
and
JAY S. TAYLOR,
                          Defendants.

### SUMMONS

To each defendant: Jack Gray Transportation Services, Inc.


       **YOU ARE SUMMONED** and required to file an answer in this case, or otherwise file your appearance in the Office of the Circuit Clerk of this Court, located at 106 South Fifth, Oregon, Illinois within thirty (30) days after service of this Summons, not counting the day of service.  IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.


To the officer:

       This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service.  If service cannot be made, the summons shall be returned so endorsed.

       This summons may not be served later than 30 days after its issuance.

                     Witness_____March____2_____, 2016

(Seal of Court)                                    _____Kimberly A Welch_____ (wH)
                           Clerk of the Circuit Court

Rodney W. Kimes - #6211305
Attorney for Plaintiffs
BOLGRIEN, KOEPKE, KIMES & LIVINGSTON, LLC
540 East Grand Avenue
Beloit, WI 53511
608-365-7702
rkimes@bolgrienlaw.com
                     Date of Service: _____, 2016


To be inserted by officer/Process Server on the copy left with the defendant/respondent or other person

## IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT
## OGLE COUNTY, ILLINOIS

CHRISTOPHER JONES,
as Executor of the Estate of
DAVID E. JONES
and
SARA J. JONES, individually,             Case No. 2016-L-___5___
                Plaintiffs,
-vs-
JACK GRAY TRANSPORT, INC.,
and
JACK GRAY TRANSPORTATION SERVICES, INC.
and
JAY S. TAYLOR,
                Defendants.

### SUMMONS

To each defendant: Jay S. Taylor

       **YOU ARE SUMMONED** and required to file an answer in this case, or otherwise file your appearance in the Office of the Circuit Clerk of this Court, located at 106 South Fifth, Oregon, Illinois within thirty (30) days after service of this Summons, not counting the day of service.  IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

       This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service.  If service cannot be made, the summons shall be returned so endorsed.

       This summons may not be served later than 30 days after its issuance.

                         Witness___March 2_____, 2016

(Seal of Court)

                         Clerk of the Circuit Court  (JwH)

Rodney W. Kimes - #6211305
Attorney for Plaintiffs
BOLGRIEN, KOEPKE, KIMES & LIVINGSTON, LLC
540 East Grand Avenue
Beloit, WI 53511
608-365-7702
rkimes@bolgrienlaw.com

                    Date of Service: _____, 2016

To be inserted by officer/Process Server on the copy left with the defendant/respondent or other person

**3738 South Duggan Road**
**Beloit, WI 53511**

Phone      (608) 361–1520
Fax       (608) 313–0870
shawn@markleyinvestigations.com



MARKLEY
Investigations
i n c o r p o r a t e d

**515 N. Court St., Suite 101**
**Rockford, IL 61103**

Phone      (815) 316–1141
Fax       (815) 962–6001
www.markleyinvestigations.com

## AFFIDAVIT

I, ___William G. Sheehan___, verify that I have served the legal documents as indicated below. I verify that if this paper was sub-served that the person who received this paper was of legal age to receive paper and a co-resident. If this was a corporate serve, the person receiving the paper was authorized to accept service. I am over the age of 18, and not a party to the action, authorized to serve the paper, and did identify the named person or business at the time of service.

**Christopher Jones, as Executor of the Estate of David E. Jones and Sara J. Jones, individually**

Ogle County          vs          State of Illinois

**Jack Gray Transport, Inc., et al.**

Name: **Jack Gray Transport, Inc.**
Case Number: **2016L5**                 **Check if NON-SERVE [ ]**
Type of document: **Summons and Complaint, Notice of Progress Call**

Person Served: _Danette Garza, as Registered Agent for Jack Gray Transport, Inc._
Date of Service: _March 21st, 2016_     Time of Service: _12:55_     A̶M̶/PM
Address of Service: _4600 East 15th Avenue, Gary, Indiana 46403_
             Attempted Service Prior to Actual Service or Return for No-Service
1. Date/Time/Address: _3/18/2016 @ 9:20 AM; 4600 East 15th Avenue, Gary, Indiana 46403_
Reason: _Registered Agent not in._
2. Date/Time/Address: _3/18/2016 @ 4:10 PM; 4600 East 15th Avenue, Gary, Indiana 46403_
Reason: _Registered Agent is out of town._
3. Date/Time/Address:_____
Reason:_____
4. Date/Time/Address:_____
Reason:_____
5. Date/Time/Address:_____
Reason:_____
6. Date/Time/Address:_____
Reason:_____
7. Date/Time/Address:_____
Reason:_____
8. Date/Time/Address:_____
Reason:_____

Fee for Service $_93.00_

Subscribed and Sworn to before me

this __21st__ day of ___March___, 2016

_Katherine J. Sheehan_
My commission Expires: January 24, 2021

Process Server Signature _William G. Sheehan_

KATHERINE J. SHEEHAN
NOTARY PUBLIC
**SEAL**
STATE OF INDIANA
MY COMMISSION EXPIRES JAN. 24, 2021

Client #                         Job # 51603

KATHERINE J SHEEHAN
NOTARY PUBLIC
SEAL
STATE OF INDIANA
MY COMMISSION EXPIRES JAN. 24, 2021

**3738 South Duggan Road**
**Beloit, WI 53511**
Phone          (608) 361–1520
Fax             (608) 313–0870
shawn@markleyinvestigations.com


MARKLEY
Investigations
i n c o r p o r a t e d

**515 N. Court St., Suite 101**
**Rockford, IL 61103**
Phone          (815) 316–1141
Fax             (815) 962–6001
www.markleyinvestigations.com

## AFFIDAVIT

I, _____William G. Sheehan_____ , verify that I have served the legal documents as indicated below. I verify that if this paper was sub-served that the person who received this paper was of legal age to receive paper and a co-resident. If this was a corporate serve, the person receiving the paper was authorized to accept service. I am over the age of 18, and not a party to the action, authorized to serve the paper, and did identify the named person or business at the time of service.

**Christopher Jones, as Executor of the Estate of David E. Jones and Sara J. Jones, individually**
**Ogle County**                                    vs                                    **State of Illinois**
**Jack Gray Transport, Inc., et al.**

Name: **Jack Gray Transportation Services, Inc.**
Case Number: **2016L5**                                                          Check if NON-SERVE [ ]
Type of document: **Summons and Complaint, Notice of Progress Call**

Person Served: Danette Garza, Registered Agent
Date of Service: March 21st, 2016                    Time of Service: 12:55                    AM/PM
Address of Service: 4600 East 15th Avenue, Gary, Indiana 46403
Attempted Service Prior to Actual Service or Return for No-Service
1. Date/Time/Address: 3/18/2016 @ 9:20 AM: 4600 East 15th Avenue, Gary, Indiana 46403
Reason: Registered Agent is not in.
2. Date/Time/Address: 3/28/2016 @ 4:10 PM: 4600 East 15th Avenue, Gary, Indiana 46403
Reason: Registered Agent is out of town.
3. Date/Time/Address:_____
Reason:_____
4. Date/Time/Address:_____
Reason:_____
5. Date/Time/Address:_____
Reason:_____
6. Date/Time/Address:_____
Reason:_____
7. Date/Time/Address:_____
Reason:_____
8. Date/Time/Address:_____
Reason:_____

Fee for Service $ 46.50

Subscribed and Sworn to before me

this  21st  day of  March , 2016

My commission Expires: January 24, 2021

Process Server Signature  William G. Sheehan

Client #                                    Job # 51604

KATHERINE J. SHEEHAN
NOTARY PUBLIC
SEAL
STATE OF INDIANA
MY COMMISSION EXPIRES JAN. 24, 2021

KATHERINE J SHEEHAN
NOTARY PUBLIC
SEAL
STATE OF INDIANA
MY COMMISSION EXPIRES JAN 24, 2021

3738 South Duggan Road
Beloit, WI 53511

Phone          (608) 361-1920
Fax            (608) 313-4070
shawn@markleyinvestigations.com


MARKLEY
Investigations
incorporated

515 N. Court St., Suite 101
Rockford, IL 61103

Phone          (815) 316-1141
Fax            (815) 962-6001
www.markleyinvestigations.com

## AFFIDAVIT

I, DONALD GROTT , verify that I have served the legal documents as indicated below. I verify that if this paper was sub-served that the person who received this paper was of legal age to receive paper and a co-resident. If this was a corporate serve, the person receiving the paper was authorized to accept service. I am over the age of 18, and not a party to the action, authorized to serve the paper, and did identify the named person or business at the time of service.

Christopher Jones, as Executor of the Estate of David R. Jones and Sara J. Jones, individually

Ogle County                                    vs                              State of Illinois

Jack Gray Transport, Inc., et al.

Name: Jay S. Taylor
Case Number: 2016L5                                         Check if NON-SERVE [ ]
Type of document: Summons and Complaint, Notice of Progress Call

Person Served: BRANI TAYLOR , 24 YEARS OLD, DAUGHTER
Date of Service: 3-11-16            Time of Service: 4:02          AM/PM
Address of Service: 6455 W. 800 S., NORTH JUDSON, IN 46366

Attempted Service Prior to Actual Service or Return for No-Service

1. Date/Time/Address:
Reason:                     A COPY WAS ALSO MAILED, VIA
2. Date/Time/Address:       US POSTAL SERVICE
Reason:
3. Date/Time/Address:
Reason:
4. Date/Time/Address:
Reason:
5. Date/Time/Address:
Reason:
6. Date/Time/Address:
Reason:
7. Date/Time/Address:
Reason:
8. Date/Time/Address:
Reason:

Subscribed and Sworn to before me                      Fee for Service $ 98.00

this 16TH day of MARCH 2016

Process Server Signature

Client #                                               Job # 51602

OFFICIAL SEAL
MARY J. GROTT
NOTARY PUBLIC – INDIANA
LAPORTE COUNTY
My Comm. Expires April 15, 2017

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT

OGLE COUNTY, ILLINOIS

MAR 02 2016

JONES, CHRISTOPHER AS EXECUTOR OF
                          Plaintiff

            vs                                    CASE NO.2016L 000005

JACK GRAY TRANSPORT, INC
                          Defendant

NOTICE OF PROGRESS CALL

THIS CASE IS SET FOR PROGRESS CALL BEFORE THE PRESIDING JUDGE ON
7/08/2016 11:00 A.M. IN COURTROOM 204
ALL PARTIES OR THEIR COUNSEL ARE REQUIRED TO BE PRESENT BEFORE THE COURT AT
THIS PROGRESS CALL. FAILURE TO APPEAR WILL RESULT IN DISMISSAL OR DEFAULT.

KIMBERLY A. STAHL

CLERK OF THE CIRCUIT COURT

NOTICE

THE PROGRESS CALL COURT DATE DOES NOT RELIEVE ANY PARTY FROM THE OBLIGATION
TO RESPOND TO A SUMMONS AS REQUIRED BY LAW AND AS STATED ON THE FACE OF THE
SUMMONS. A WRITTEN APPEARANCE OR REPLY TO THE INITIAL PLEADING WILL NORMALLY
BE DUE BEFORE THE PROGRESS CALL DATE.

Attorney

4820B JPS NI161

## STATE OF ILLINOIS
## IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
## COUNTY OF OGLE

CHRISTOPHER JONES, as Executor of     )
the Estate of DAVID E. JONES and      )
SARA J. JONES, individually,          )
                                      )
      Plaintiffs,              )
v.                                    )    No:   16 L 5
                                      )
JACK GRAY TRANSPORT, INC., JACK       )
GRAY TRANSPORTATION SERVICES          )
INC., and JAY S. TAYLOR,              )
                                      )
      Defendants.              )

## APPEARANCE

The undersigned, as attorney, enters the appearance of Defendants:

## JACK GRAY TRANSPORT, INC., JACK GRAY TRANSPORTATION SERVICES, INC., and JAY S. TAYLOR

_Jonathan P. Schaefer_

Jonathan P. Schaefer
PURCELL & WARDROPE CHTD
10 South LaSalle Street
Suite 1200
Chicago, IL 60603
(312) 427-3900
JPS@pw-law.com
Attorney No. 6182649
F:\JPS\4820B - Jones\Pleadings\Appearance.docx

I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the Court to be in default for failure to plead.

_Attorney for Defendants_

4820B JPS NI161

## STATE OF ILLINOIS
## IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
## COUNTY OF OGLE

CHRISTOPHER JONES, as Executor of  )
the Estate of DAVID E. JONES and     )
SARA J. JONES, individually,         )
                                     )
          Plaintiffs,                )
v.                                   )      No:   16 L 5
                                     )
JACK GRAY TRANSPORT, INC., JACK      )
GRAY TRANSPORTATION SERVICES         )
INC., and JAY S. TAYLOR,             )
                                     )
          Defendants.                )

## NOTICE OF FILING

TO:   Rodney Kimes
      **BOLGRIEN, KOEPKE & KIMES S.C.**
      542 E Grand Avenue
      Beloit, WI 53511


      PLEASE TAKE NOTICE that on **April 6, 2015**, we sent via overnight mail to be filed with the Clerk of the Circuit Court of Ogle County, **DEFENDANTS' APPEARANCE**, a copy of which is attached hereto and served upon you.

                                   Respectfully submitted,

                          By:      _____
                                   Jonathan P. Schaefer

Jonathan P. Schaefer
PURCELL & WARDROPE CHTD
10 South LaSalle Street
Suite 1200
Chicago, IL 60603
(312) 427-3900
JPS@pw-law.com
Attorney No. 6182649
F:\JPS\4820B - Jones\Pleadings\NOF001.docx

## CERTIFICATE OF SERVICE

I, Josefina Rojas, a non-attorney, certify, pursuant to 735 ILCS 5/1-109 of the Code of Civil Procedure, certify that I mailed a copy of the above and foregoing notice, together with copies of the aforementioned documents, to each party to whom it is directed and placed same at the U.S. Mail chute located at 10 South LaSalle Street on or about 5:00 p.m. on April 6, 2016.

JOSEFINA ROJAS

4820B JPS NI161

## STATE OF ILLINOIS
## IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
## COUNTY OF OGLE

CHRISTOPHER JONES, as Executor of )
the Estate of DAVID E. JONES and )
SARA J. JONES, individually, )
                               )
            Plaintiffs, )
v. )      No:    16 L 5
                               )
JACK GRAY TRANSPORT, INC., JACK )
GRAY TRANSPORTATION SERVICES )
INC., and JAY S. TAYLOR, )
                               )
            Defendants. )

## NOTICE OF FILING

TO:   Rodney Kimes
       **BOLGRIEN, KOEPKE & KIMES S.C.**
       542 E Grand Avenue
       Beloit, WI 53511

    PLEASE TAKE NOTICE that on **April 7, 2015,** we sent to be filed with the Clerk of the Circuit Court of Grundy County, **DEFENDANTS' NOTICE OF REMOVAL,** a copy of which is attached hereto and served upon you.

                    Respectfully submitted,

            By:     _____
                    Jonathan P. Schaefer

Jonathan P. Schaefer
PURCELL & WARDROPE CHTD
10 South LaSalle Street
Suite 1200
Chicago, IL 60603
(312) 427-3900
JPS@pw-law.com
Attorney No. 6182649
F:\JPS\4820B - Jones\Pleadings\NOF002.docx

## CERTIFICATE OF SERVICE

I, Josefina Rojas, a non-attorney, certify, pursuant to 735 ILCS 5/1-109 of the Code of Civil Procedure, certify that I mailed a copy of the above and foregoing notice, together with copies of the aforementioned documents, to each party to whom it is directed and placed same at the U.S. Mail chute located at 10 South LaSalle Street on or about 5:00 p.m. on April 7, 2016.

JOSEFINA ROJAS