IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER JONES, as Executor of the Estate of DAVID E. JONES and SARA J. JONES, individually, | ) ) ) ) | |
| Plaintiffs, | ) ) | No: 16 CV 50088 |
| v. | ) ) | Honorable Judge Frederick J. Kapala |
| JACK GRAY TRANSPORT, INC., and JAY S. TAYLOR, | ) ) ) | Magistrate Judge Iain D. Johnston |
| Defendants. | ) ) | |

**AMENDED COMPLAINT**

**GENERAL ALLEGATIONS**

NOW COMES Plaintiffs, Christopher Jones, as Executor of the Estate of David E. Jones, Deceased, and Sara J. Jones, individually, by and through their attorneys, BOLGRIEN, KOEPKE, KIMES & LIVINGSTON, LLC, and for their Amended Complaint against Defendants, Jack Gray Transport, Inc., directly, and through the acts or omissions of Jay S. Taylor, as agent and/or employee of Jack Gray Transport, Inc., pleading hypothetically and in the alternative, state:

1. At all times relevant to this case, Plaintiff, Christopher Jones, as executor of the Estate of David E. Jones was issued letters of office on August 21, 2014 and brings this cause of action on his behalf and behalf of the next of kin.

2. At all times relevant to this case, David E. Jones left surviving his wife, Sara J. Jones, sons Christopher Jones, Matthew Jones and Timothy Jones all of whom are next of kin.

3. At all times relevant to this case, Plaintiff, Sara J. Jones is an adult who resides in

1

Pecatonica, Winnebago County, Illinois.

4. On information and belief, at all times relevant to this case, Defendant, Jack Gray Transport, Inc., was an Indiana Corporation.

5. On information and belief, at all times material to this case, Jack Gray Transport, Inc. owned, maintained and serviced a 2004 Volvo truck tractor, VIN 4V4NC9GH24N372630, Indiana Registration No. 1056482.

6. On information and belief, at all times relevant to this case, Defendant, Jack Gray Transport, Inc., owned, maintained and serviced a 1999 Benson trailer, VIN 1NUDT28G9XMA50099, Indiana Registration No. SF842AAN.

## COUNT I

## WRONGFUL DEATH - JACK GRAY TRANSPORT, INC.

NOW COMES Plaintiff, Christopher Jones, as Executor of the Estate of David E. Jones, Deceased, by and through his attorneys, BOLGRIEN, KOEPKE, KIMES & LIVINGSTON, LLC, and for his Amended Complaint against Defendant, Jack Gray Transport, Inc., directly, and through the acts or omissions of Jay S. Taylor, as agent and/or employee of Jack Gray Transport, Inc., pleading hypothetically and in the alternative, states:

7. Plaintiff repeats, realleges, and incorporates herein by reference, paragraphs 1- 6 of Plaintiffs' Amended Complaint, as and for paragraphs 7 of Count I of Plaintiffs' Amended Complaint, as if again fully set forth and plead herein.

8. At all times relevant to this case, Defendant, Jay S. Taylor, operated, drove and controlled a tractor trailer that was owned and maintained by Defendant, Jack Gray Transport,

Inc.

9. On June 16, 2014, Defendant, Jay S. Taylor, was driving the aforesaid tractor trailer owned by Defendant, Jack Gray Transport, Inc., in a generally southerly direction at or about mile post 113, on Interstate 39, in Ogle County, Illinois.

10. At the aforesaid time and place, Plaintiff's Decedent, David E. Jones, was a passenger in a 2013 Toyota RAV 4, VIN 2T3DFREV2DW114463, Illinois Registration No. UC3063, then being driven by Co-Plaintiff, Sara J. Jones, in a generally southerly direction at mile post 113 on Interstate 39, in Ogle County, Illinois, and said vehicle was slowing or stopped in traffic.

11. At that time and place, the tractor trailer operated by Jay S. Taylor collided, with great force and violence, with the back of the vehicle then being driven by Co-Plaintiff, Sara J. Jones.

12. In its relevant parts, the Motor Carrier Safety Regulations define "Motor Carrier" as a for-hire motor carrier or a private motor carrier; including a motor carrier's agents, officers and representatives, as well as employees responsible for hiring, supervising, training, assigning or dispatchers of drivers and employees concerned with the installation, inspection and maintenance of motor vehicle equipment and/or accessories; this definition includes the term "employer". 49 C.F.R. §390.5.

13. In its relevant parts, the Motor Carrier Safety Regulations define "Motor Vehicle" as any vehicle, machine, tractor, trailer, or semi-trailer propelled or drawn by mechanical power and used upon the highways in the transportation of passengers or property, or any combination thereof determined by the Federal Motor Carrier Safety Administration. 49 C.F.R. §390.5.

14. In its relevant parts, the Motor Carrier Safety Regulations define an "Employer" as any person engaged in a business affecting interstate commerce that owns or leases a commercial motor vehicle in connection with that business, or assigns employees to operate it. 49 C.F.R. §390.5.

15. In its relevant parts, the Motor Carrier Safety Regulations define an "Employee" as any individual, other than an employer, who is employed by an employer and who, in the course of his or her employment, directly affects commercial motor vehicle safety. "Employee" includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle). 49 C.F.R. §390.5.

16. At all times relevant to this case, the tractor trailer driven by Jay S. Taylor was a semi-trailer and, therefore, a "motor vehicle" as defined by the Motor Carrier Safety Regulations.

17. At all times relevant to this case, Jay S. Taylor was a driver of that semi-trailer and, therefore, an "employee", as defined by the Motor Carrier Safety Regulations.

18. At all times relevant to this case, Defendant, Jack Gray Transport, Inc., owned, inspected and maintained the commercial motor vehicle involved in this occurrence, namely, the tractor trailer or semi-trailer, as defined by the Motor Carrier Safety Regulations.

19. As a motor carrier, Defendant, Jack Gray Transport, Inc., had a duty to require observance by its driver, such as Jay S. Taylor, of all duties or prohibitions set forth in the Motor Carrier Safety Regulations. 49 C.F.R. §390.11.

20. Before allowing its tractor trailer to be operated on June 16, 2014, Jay S. Taylor and Jack Gray Transport, Inc., had the obligation to perform a pre-trip and systematic safety inspection of their tractor trailer in Illinois and all other states, and elsewhere where the tractor

trailer was operated on June 16, 2014, to ensure that vehicle was in safe operating order, pursuant to Federal Law. 49 C.F.R. §396.

21. Defendant, Jack Gray Transport, Inc., is vicariously liable for the negligent acts and omissions of its agent, Jay S. Taylor, for the conduct alleged above and hereinafter, contrary to and in violation of 49 C.F.R. §390.11, adopted by reference in 625 ILCS 5/18B-105.

22. On June 16, 2014, Defendant, Jack Gray Transport, Inc., by and through its agent and/or employee, Jay S. Taylor, had a duty as a motor carrier to exercise ordinary care to avoid colliding with the vehicle occupied by Plaintiff's Decedent, David E. Jones, and Plaintiff, Sara J. Jones.

23. At all times relevant to this case, it was the duty of Defendant, Jack Gray Transport, Inc., and its agent and/or employee, Jay S. Taylor, to exercise reasonable care and caution in the inspection, maintenance and operation of its tractor and trailer for the safety of others, including Plaintiff's Decedent, David E. Jones.

24. Notwithstanding its duty, Defendant, Jack Gray Transport, Inc., and its agent and/or employee, Jay S. Taylor, were guilty of one or more of the following negligent acts or omissions:

    (a)    Owned, operated, managed, maintained, and controlled defendants' tractor-trailer without keeping a safe and proper lookout; or

    (b)    Owned, operated, managed, maintained and controlled defendants' tractor-trailer without having brakes adequate to control the movement of and to stop and hold defendants' tractor-trailer, contrary to and in violation of Chapter 625, Section 5/12-301 of the Illinois Compiled Statutes; or

    (c)    Owned, operated, managed, maintained and controlled defendants' tractor-trailer at a speed that was greater than reasonable and proper with regard to traffic conditions and use of a thoroughfare, contrary to and in violation of Chapter 625, Section 5/11-601(a) of the Illinois Compiled Statutes; or

    (d)    Chose not to systematically inspect, repair and maintain defendants' tractor-trailer, or cause defendants' tractor-trailer to be systematically inspected, repaired, or maintained, in violation of 49 C.F.R. 396.3, adopted by reference in Chapter 625, Section 5/18b-105; or

    (e)    Carelessly and negligently operated defendants' tractor-trailer at an excessive rate of speed for the circumstances then existing, contrary to and in violation of Chapter 625, Section 5/11-601 of the Illinois Compiled Statutes, and 49 C.F.R. 5392.14, adopted by reference in Chapter 625, Section 5/18b-105; or

    (f)    Failed to apply brakes in a timely manner, as to bring defendants' tractor-trailer to a safe stop, contrary to and in violation of Chapter 625, Section 5/12-301 of the Illinois Compiled Statutes; or

    (g)    Chose to operate, manage, maintain, and control defendants' tractor-trailer without adequately operable brakes, in violation of 49 C.F.R. §393.48, adopted by reference in Chapter 625, Section 5/18b-105 of the Illinois Compiled Statutes.

25. As a direct and proximate result of one or more of the aforesaid acts and/or omissions of Jack Gray Transport, Inc. and Jay S. Taylor, as an agent and/or employee of Jack Gray Transport, Inc., Plaintiff's Decedent, David E. Jones, sustained injuries resulting in his death on June 16, 2014.

26. As a proximate result of the death of David E. Jones, his family has been deprived of love, companionship and emotional support and has suffered injuries of a personal and pecuniary nature.

27. At the time of his death, David E. Jones left surviving his wife, Sara J. Jones, and their three children, Christopher Jones, Timothy Jones and Matthew Jones.

28. Christopher Jones, as Executor of the Estate of David E. Jones, Deceased, brings this cause of action on behalf of the Estate of the Decedent, pursuant to The Wrongful Death Act, 740 ILCS 180/1, et seq.

WHEREFORE, Plaintiff, Christopher Jones as an Executor of the Estate of David E.

Jones, Deceased, prays this court enter judgment against Defendant, Jack Gray Transport, Inc. and Jay S. Taylor, as an employee and/or agent of Jack Gray Transport, Inc., in an amount in excess of $50,000.00 and that he have and recover his costs of suit.

PLAINTIFFS DEMAND A TRIAL BY JURY.

## COUNT II

## WRONGFUL DEATH - JAY S. TAYLOR

NOW COMES Plaintiff, Christopher Jones, as Executor of the Estate of David E. Jones, Deceased, by and through his attorneys, BOLGRIEN, KOEPKE, KIMES & LIVINGSTON, LLC, and for his Amended Complaint against Defendant, Jay S. Taylor, pleading hypothetically and in the alternative, states:

29.     Plaintiff repeats, realleges, and incorporates herein by reference, paragraphs 1 - 28 of Plaintiffs' Amended Complaint, as and for paragraph 29 of Count II of Plaintiffs' Amended Complaint, as if again fully set forth and plead herein.

WHEREFORE, Plaintiff, Christopher Jones, as Executor of the Estate of David E. Jones, Deceased, prays this court enter judgment against Defendant, Jay S. Taylor, as an employee and/or agent of Jack Gray Transport, Inc., in an amount in excess of $50,000.00 and that he have and recover his costs of suit.

PLAINTIFFS DEMAND A TRIAL BY JURY.

## COUNT III

## SURVIVAL ACT - JACK GRAY TRANSPORT, INC.

NOW COMES Plaintiff, Christopher Jones, as Executor of the Estate of David E. Jones, by his attorneys, BOLGRIEN, KOEPKE, KIMES & LIVINGSTON, LLC, and as and for his

Amended Complaint against Defendant, Jack Gray Transport, Inc., directly and through the acts or omissions of Jay S. Taylor, as the agent and/or employee of Jack Gray Transport, Inc., pleading hypothetically and in the alternative, states:

30. Plaintiff repeats, realleges, and incorporates herein by reference, paragraphs 1-29 of Plaintiffs' Amended Complaint, as and for paragraph 30 of Count III of Plaintiffs' Amended Complaint, as if again fully set forth and plead herein.

31. As a direct and proximate result of one or more of the aforementioned acts or omissions of the Defendant, Jack Gray Transport, Inc., directly and through the acts or omissions of Jay S. Taylor, as agent and/or employee of Jack Gray Transport, Inc., Plaintiff's Decedent, David E. Jones, did suffer serious injuries of a personal and pecuniary nature, including, but not limited to, great pain and suffering before his death, subjecting the Defendants to liability pursuant to 755 ILCS 5/27-6, commonly referred to as the Survival Act.

WHEREFORE, Plaintiff, Christopher Jones, as Executor of the Estate of David E. Jones, Deceased, prays this court enter judgment against Defendant, Jack Gray Transport, Inc. and Jay S. Taylor, as an employee and/or agent of Jack Gray Transport, Inc., in an amount in excess of $50,000.00 and that he have and recover his costs of suit.

PLAINTIFFS DEMAND A TRIAL BY JURY.

## COUNT IV

## SURVIVAL ACT - JAY S. TAYLOR

NOW COMES Plaintiff, Christopher Jones, as Executor of the Estate of David E. Jones, by his attorneys, BOLGRIEN, KOEPKE, KIMES & LIVINGSTON, LLC, and as and for his Amended Complaint against Defendant, Jay S. Taylor, as the agent and/or employee of Jack

Gray Transport Inc., pleading hypothetically and in the alternative, states:

32. Plaintiff repeats, realleges, and incorporates herein by reference, paragraphs 1-31 of Count III of Plaintiffs' Amended Complaint, as and for paragraph 32 of Count IV of Plaintiffs' Amended Complaint, as if again fully set forth and plead herein.

33. As a direct and proximate result of one or more of the aforementioned acts or omissions of the Defendant, Jay S. Taylor, as agent and/or employee of Jack Gray Transport, Inc., Plaintiff's Decedent, David E. Jones, did suffer serious injuries of a personal and pecuniary nature, including, but not limited to, great pain and suffering before his death, subjecting the Defendants to liability pursuant to 755 ILCS 5/27-6, commonly referred to as the Survival Act.

WHEREFORE, Plaintiff, Christopher Jones, as Executor of the Estate of David E. Jones, Deceased, prays this court enter judgment against Defendant, Jay S. Taylor, as an employee and/or agent of Jack Gray Transport, Inc., in an amount in excess of $50,000.00 and that he have and recover his costs of suit.

PLAINTIFFS DEMAND A TRIAL BY JURY.

## COUNT V

## NEGLIGENCE - JACK GRAY TRANSPORT, INC.

NOW COMES Plaintiff, Sara J. Jones, by and through her attorneys, BOLGRIEN, KOEPKE, KIMES, & LIVINGSTON, LLC, and for her Amended Complaint against Defendant, Jack Gray Transport, Inc., directly and through the acts or omissions of Jay S. Taylor, as the agent and/or employee of Jack Gray Transport, Inc., pleading hypothetically and in the alternative, states:

34. Plaintiff repeats, realleges, and incorporates herein by reference, paragraphs 1- 6

of Plaintiffs' Amended Complaint, as and for paragraphs 34 of Count V of Plaintiffs' Amended Complaint, as if again fully set forth and plead herein.

35. At all times relevant to this case, Defendant, Jay S. Taylor, operated, drove and controlled a tractor trailer that was owned and maintained by Defendant, Jack Gray Transport, Inc.

36. On June 16, 2014, Defendant, Jay S. Taylor, was driving the aforesaid tractor trailer owned by Defendant, Jack Gray Transport, Inc., in a generally southerly direction at or about mile post 113, on Interstate 39, in Ogle County, Illinois.

37. At the aforesaid time and place, Plaintiff, Sara J. Jones, was operating a 2013 Toyota RAV 4, VIN 2T3DFREV2DW114463, Illinois Registration No. UC3063, in a generally southerly direction at mile post 113 on Interstate 39, in Ogle County, Illinois, and said vehicle was slowing or stopped in traffic.

38. At that time and place, the tractor trailer operated by Jay S. Taylor collided, with great force and violence, with the back of the vehicle then being driven by Plaintiff, Sara J. Jones.

39. In its relevant parts, the Motor Carrier Safety Regulations define "motor carrier" as a for-hire motor carrier or a private motor carrier; including a motor carrier's agents, officers and representatives, as well as employees responsible for hiring, supervising, training, assigning or dispatchers of drivers and employees concerned with the installation, inspection and maintenance of motor vehicle equipment and/or accessories; this definition includes the term "employer". 49 C.F.R. §390.5.

40. In its relevant parts, the Motor Carrier Safety Regulations define "Motor Vehicle"

as any vehicle, machine, tractor, trailer, or semi-trailer propelled or drawn by mechanical power and used upon the highways in the transportation of passengers or property, or any combination thereof determined by the Federal Motor Carrier Safety Administration. 49 C.F.R. §390.5.

41. In its relevant parts, the Motor Carrier Safety Regulations define an "Employer" as any person engaged in a business affecting interstate commerce that owns or leases a commercial motor vehicle in connection with that business, or assigns employees to operate it. 49 C.F.R. §390.5.

42. In its relevant parts, the Motor Carrier Safety Regulations define an "Employee" as any individual, other than an employer, who is employed by an employer and who, in the course of his or her employment, directly affects commercial motor vehicle safety. "Employee" includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle). 49 C.F.R. §390.5.

43. At all times relevant to this case, the tractor trailer driven by Jay S. Taylor was a semi-trailer and, therefore, a "motor vehicle" as defined by the Motor Carrier Safety Regulations.

44. At all times relevant to this case, Jay S. Taylor was a driver of that semi-trailer and, therefore, an "employee", as defined by the Motor Carrier Safety Regulations.

45. At all times relevant to this case, Defendant, Jack Gray Transport, Inc., owned, inspected and maintained the commercial motor vehicle involved in this occurrence, namely, the tractor trailer or semi-trailer, as defined by the Motor Carrier Safety Regulations.

46. As a motor carrier, Defendant, Jack Gray Transport, Inc., had a duty to require observance by its driver, such as Jay S. Taylor, of all duties or prohibitions set forth in the Motor Carrier Safety Regulations. 49 C.F.R. §390.11.

11

47. Before allowing its tractor trailer to be operated on June 16, 2014, Jay S. Taylor and Jack Gray Transport, Inc., had the obligation to perform a pre-trip and systematic safety inspection of their tractor trailer in Illinois and all other states, and elsewhere where the tractor trailer was operated on June 16, 2014, to ensure that vehicle was in safe operating order, pursuant to Federal Law.  49 C.F.R. §396.

48. Defendant, Jack Gray Transport, Inc., is vicariously liable for the negligent acts and omissions of its agent, Jay S. Taylor, for the conduct alleged above and hereinafter, contrary to and in violation of 49 C.F.R. §390.11, adopted by reference in 625 ILCS 5/18B-105.

49. On June 16, 2014, Defendant, Jack Gray Transport, Inc., by and through its agent and/or employee, Jay S. Taylor, had a duty as a motor carrier to exercise ordinary care to avoid colliding with the vehicle operated by Plaintiff, Sara J. Jones.

50. At all times relevant to this case, it was the duty of Defendant, Jack Gray Transport, Inc., and its agent and/or employee, Jay S. Taylor, to exercise reasonable care and caution in the inspection, maintenance and operation of its tractor and trailer for the safety of others, including Plaintiff, Sara J. Jones.

51. Notwithstanding its duty, Defendant, Jack Gray Transport, Inc., and its agent and/or employee, Jay S. Taylor, were guilty of one or more of the following acts or omissions:

    (a) Owned, operated, managed, maintained, and controlled defendants' tractor-trailer without keeping a safe and proper lookout; or

    (b) Owned, operated, managed, maintained and controlled defendants' tractor-trailer without having brakes adequate to control the movement of and to stop and hold defendants' tractor-trailer, contrary to and in violation of Chapter 625, Section 5/12-301 of the Illinois Compiled Statutes; or

    (c) Owned, operated, managed, maintained and controlled defendants' tractor-trailer at a speed that was greater than reasonable and proper with regard to traffic conditions and use of a thoroughfare, contrary to and in violation

        of Chapter 625, Section 5/11-601(a) of the Illinois Compiled Statutes; or

(d)     Chose not to systematically inspect, repair and maintain defendants' tractor-trailer, or cause defendants' tractor-trailer to be systematically inspected, repaired, or maintained, in violation of 49 C.F.R. 396.3, adopted by reference in Chapter 625, Section 5/18b-105; or

(e)     Carelessly and negligently operated defendants' tractor-trailer at an excessive rate of speed for the circumstances then existing, contrary to and in violation of Chapter 625, Section 5/11-601 of the Illinois Compiled Statutes, and 49 C.F.R. 5392.14, adopted by reference in Chapter 625, Section 5/18b-105; or

(f)     Failed to apply brakes in a timely manner, as to bring defendants' tractor-trailer to a safe stop, contrary to and in violation of Chapter 625, Section 5/12-301 of the Illinois Compiled Statutes; or

(g)     Chose to operate, manage, maintain, and control defendants' tractor-trailer without adequately operable brakes, in violation of 49 C.F.R. §393.48, adopted by reference in Chapter 625, Section 5/18b-105 of the Illinois Compiled Statutes.

52.     As a direct and proximate result of one or more of the aforesaid acts and/or omissions of Jack Gray Transport, Inc. and Jay S. Taylor, as an agent and/or employee of Jack Gray Transport, Inc., Plaintiff, Sara J. Jones, sustained injuries.

53.     As a proximate result of the injuries suffered by Plaintiff, Sara J. Jones, her family has been deprived of love, companionship and emotional support.

WHEREFORE, Plaintiff, Sara J. Jones, prays this court enter judgment against Defendant, Jack Gray Transport, Inc. and Jay S. Taylor, as an employee and/or agent of Jack Gray Transport, Inc., in an amount in excess of $50,000.00 and that she have and recover her costs of suit.

PLAINTIFFS DEMAND A TRIAL BY JURY.

## COUNT VI

## NEGLIGENCE - JAY S. TAYLOR

NOW COMES Plaintiff, Sara J. Jones, by and through her attorneys, BOLGRIEN, KOEPKE, KIMES, & LIVINGSTON, LLC, and for her Amended Complaint against Defendant, Jay S. Taylor, as the agent and/or employee of Jack Gray Transport, Inc., pleading hypothetically and in the alternative, states:

54. Plaintiff repeats, realleges, and incorporates herein by reference, paragraphs 34 - 53 of Plaintiffs' Amended Complaint, as and for paragraph 56 of Count VI of Plaintiffs' Amended Complaint, as if again fully set forth and plead herein.

WHEREFORE, Plaintiff, Sara J. Jones, prays this court enter judgment against Defendant, Jay S. Taylor, as an employee and/or agent of Jack Gray Transport, Inc., in an amount in excess of $50,000.00 and that she have and recover her costs of suit.

PLAINTIFFS DEMAND A TRIAL BY JURY.

## COUNT VII

## WILLFUL AND WANTON - JACK GRAY TRANSPORT, INC.

NOW COMES Plaintiff, Sara J. Jones, by and through her attorneys, BOLGRIEN, KOEPKE, KIMES, & LIVINGSTON, LLC, and for her Amended Complaint against Defendant, Jack Gray Transport, Inc., directly and through the acts or omissions of Jay S. Taylor, as the agent and/or employee of Jack Gray Transport, Inc., pleading hypothetically and in the alternative, states:

55. Plaintiff repeats, realleges, and incorporates herein by reference, paragraphs 34 - 54 of Count VI of Plaintiffs' Amended Complaint, as and for paragraph 55 of Count VII of

Plaintiffs' Amended Complaint, as if again fully set forth and plead herein.

56. Notwithstanding its duty, Defendant, Jack Gray Transport, Inc., and its agent and/or employee, Jay S. Taylor, were guilty of one or more of the following willful and wanton acts or omissions:

    (a)    Owned, operated, managed, maintained, and controlled defendants' tractor-trailer without keeping a safe and proper lookout; or

    (b)    Owned, operated, managed, maintained and controlled defendants' tractor-trailer without having brakes adequate to control the movement of and to stop and hold defendants' tractor-trailer, contrary to and in violation of Chapter 625, Section 5/12-301 of the Illinois Compiled Statutes; or

    (c)    Owned, operated, managed, maintained and controlled defendants' tractor-trailer at a speed that was greater than reasonable and proper with regard to traffic conditions and use of a thoroughfare, contrary to and in violation of Chapter 625, Section 5/11-601(a) of the Illinois Compiled Statutes; or

    (d)    Chose not to systematically inspect, repair and maintain defendants' tractor-trailer, or cause defendants' tractor-trailer to be systematically inspected, repaired, or maintained, in violation of 49 C.F.R. 396.3, adopted by reference in Chapter 625, Section 5/18b-105; or

    (e)    Willfully and wantonly operated defendants' tractor-trailer at an excessive rate of speed for the circumstances then existing, contrary to and in violation of Chapter 625, Section 5/11-601 of the Illinois Compiled Statutes, and 49 C.F.R. 5392.14, adopted by reference in Chapter 625, Section 5/18b-105; or

    (f)    Failed to apply brakes in a timely manner, as to bring defendants' tractor-trailer to a safe stop, contrary to and in violation of Chapter 625, Section 5/12-301 of the Illinois Compiled Statutes; or

    (g)    Chose to operate, manage, maintain, and control defendants' tractor-trailer without adequately operable brakes, in violation of 49 C.F.R. §393.48, adopted by reference in Chapter 625, Section 5/18b-105 of the Illinois Compiled Statutes.

WHEREFORE, Plaintiff, Sara J. Jones, prays this court enter judgment against Defendant, Jack Gray Transport, Inc and Jay S. Taylor, as an employee and/or agent of Jack

Gray Transport, Inc., in an amount in excess of $50,000.00 and that she have and recover her costs of suit. In addition, Plaintiff requests an award of punitive damages in an amount necessary to punish Defendant and discourage Defendant and others from future wrongful conduct aforesaid.

PLAINTIFFS DEMAND A TRIAL BY JURY.

## COUNT VIII

## WILLFUL AND WANTON - JAY S. TAYLOR

NOW COMES Plaintiff, Sara J. Jones, by and through her attorneys, BOLGRIEN, KOEPKE, KIMES, & LIVINGSTON, LLC, and for her Amended Complaint against Defendant, Jay S. Taylor, as the agent and/or employee of Jack Gray Transport, Inc., pleading hypothetically and in the alternative, states:

57. Plaintiff repeats, realleges, and incorporates herein by reference, paragraphs 1 - 6 of Plaintiffs' Amended Complaint and 34 - 56 of Count VII Plaintiffs' Amended Complaint, as and for paragraph 57 of Count VIII of Plaintiffs' Amended Complaint, as if again fully set forth and plead herein.

58. Notwithstanding its duty, Defendant, Jay S. Taylor, was guilty of one or more of the following willful and want acts or omissions:

    (a)    Owned, operated, managed, maintained, and controlled defendants' tractor-trailer without keeping a safe and proper lookout; or

    (b)    Owned, operated, managed, maintained and controlled defendants' tractor-trailer without having brakes adequate to control the movement of and to stop and hold defendants' tractor-trailer, contrary to and in violation of Chapter 625, Section 5/12-301 of the Illinois Compiled Statutes; or

    (c)    Owned, operated, managed, maintained and controlled defendants' tractor-trailer at a speed that was greater than reasonable and proper with regard to traffic conditions and use of a thoroughfare, contrary to and in violation of Chapter 625,

        Section 5/11-601(a) of the Illinois Compiled Statutes; or

(d)      Chose not to systematically inspect, repair and maintain defendants' tractor-trailer, or cause defendants' tractor-trailer to be systematically inspected, repaired, or maintained, in violation of 49 C.F.R. 396.3, adopted by reference in Chapter 625, Section 5/18b-105; or

(e)      Willfully and wantonly operated defendants' tractor-trailer at an excessive rate of speed for the circumstances then existing, contrary to and in violation of Chapter 625, Section 5/11-601 of the Illinois Compiled Statutes, and 49 C.F.R. 5392.14, adopted by reference in Chapter 625, Section 5/18b-105; or

(f)      Failed to apply brakes in a timely manner, as to bring defendants' tractor-trailer to a safe stop, contrary to and in violation of Chapter 625, Section 5/12-301 of the Illinois Compiled Statutes; or

(g)      Chose to operate, manage, maintain, and control defendants' tractor-trailer without adequately operable brakes, in violation of 49 C.F.R. §393.48, adopted by reference in Chapter 625, Section 5/18b-105 of the Illinois Compiled Statutes.

WHEREFORE, Plaintiff, Sara J. Jones, prays this court enter judgment against Defendant, Jay S. Taylor, as an employee and/or agent of Jack Gray Transport, Inc., in an amount in excess of $50,000.00 and that she have and recover her costs of suit. In addition, Plaintiffs request an award of punitive damages in an amount necessary to punish Defendant and discourage Defendant and others from future wrongful conduct aforesaid.

PLAINTIFFS DEMAND A TRIAL BY JURY.

### COUNT IX

### FAMILY EXPENSE

NOW COMES Plaintiffs, Christopher Jones, as Executor of the Estate of David E. Jones, Deceased, and Sara J. Jones, individually, by and through their attorneys, BOLGRIEN, KOEPKE, KIMES & LIVINGSTON, LLC, and for their Amended Complaint against

17

Defendant, Jack Gray Transport, Inc., directly, and through the acts or omissions of Jay S. Taylor, as agent and/or employee of Jack Gray Transport, Inc., pleading hypothetically and in the alternative, state:

59. Plaintiff repeats, realleges, and incorporates herein by reference, paragraphs 1 - 58 of Count VIII of Plaintiffs' Amended Complaint, as and for paragraph 59 of Count IX of Plaintiffs' Amended Complaint, as if again fully set forth and plead herein.

60. That as a direct and proximate result of one or more of the aforementioned acts or omissions of the Defendants, the Plaintiffs, Christopher Jones, as Executor of the Estate of David E. Jones, Deceased, Sara J. Jones individually, did sustain great losses in the form of medical, funeral, and burial expenses.

WHEREFORE, Plaintiff, Christopher Jones, as Executor of the Estate of David E. Jones, Deceased, and Plaintiff, Sara J. Jones, individually, prays this court enter judgment against Defendants, Jack Gray Transport, Inc. and Jay S. Taylor, as an employee and/or agent of Jack Gray Transport, Inc., in an amount necessary to fully and fairly compensate Plaintiffs for all of their losses compensable under the terms of the Family Expense Act, 750 ILCS 65/15, and Illinois common law, which substantially exceed of the minimum jurisdictional amount.

PLAINTIFFS DEMAND A TRIAL BY JURY.

Dated this 11TH day of November, 2016.

                                      BOLGRIEN, KOEPKE, KIMES
                                      & LIVINGSTON, LLC
                                      Attorneys for Plaintiffs

                                      BY:   /s/ Rodney W. Kimes
                                                  Rodney W. Kimes

Prepared by:
Rodney W. Kimes # 06211305
Bolgrien, Koepke, Kimes & Livingston, LLC
542 E. Grand Ave.
Beloit, WI  53511
(608) 365-7702
rkimes@bolgrienlaw.com